THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

05 NOV 18 AM 10: 30

| | |
|---|---|
| Ernest Enax<br>Plaintiff, | CASE NO 8:05-CV-2124-T-17TGW<br><br>Verified Complaint for Damages<br>For Illegal Tax Collection and<br>Injunctive Relief<br>(Jury Trial Requested) |
| UNITED STATES OF AMERICA and<br>INTERNAL REVENUE SERVICE<br>Defendant | |

Plaintiff Ernest Enax complains of Defendants United States of America and Internal Revenue Service and seeks damages for Illegal Tax Collections under IRC 7433 and an injunction removing illegal replacement federal tax lien under IRC 6331 (i)(4)(B).

I. INTRODUCTION

1. This is an action brought under 26 U.S.C. 7433 for minimum statutory damages of $100,000 plus fees and cost for illegal Internal Revenue Service liens on real property of Ernest Enax . Further, plaintiff Ernest Enax request a Temporary Restraining Order in order to remove the illegal liens. In the alternative, should the TRO not be granted, the damages awarded to plaintiff Ernest Enax should be increased by $1,000 per day that the liens remain in place after the filing of this lawsuit and notice to the Defendants. Further Plaintiff request trial by jury, pursuit to FRCivP 38.

2. This Court has jurisdiction pursuant to 28 U.S.C. Section 1331 as this action involves federal statutes and defendants are federal agencies; IRC 7433, FRCivP 65, 28 U.S.C. Sections 451, 1331, 1357, 1361, and 1391 (e).  Injunction is authorized under IRS Section  6331 (i ) (4) (b).

3. Ernest Enax is an American citizen and resident of this District and Pinellas County.

4. Plainiff has a value piece of real estates for sale and the IRS placed an illegal FTL on the property, halting the closing, causing immense problems for the buyer and seller, and causing the purchaser to sue the seller.

    II. FACTS

5. More than 10 years ago the IRS made an assessment against Enax for a number of old tax years. Even though Enax had no tax liability for those years, he did not contest the assessments. The IRS filed the Notice of Federal Tax Liens (NFTL) for the unpaid assessments of those ancient years.

6. After 10 years by law under the Statue of Limitations the federal liens expired . Federal Tax Liens self extinguished after 10 years. The liens were gone ,finished, Overwith and extinguished The IRS NFTL Form ( 668 )(Y)(c) very clearly includes this box:

> **IMPORTANT RELEASE INFORMATION: *For each assessment listed below, unless notice of the lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a)***

Column (e) referred to in the box above is listed on the NFTL as "LAST DAY FOR REFILING". That means if the Statue of Limitations is not extended by the last day for refilling, the lien and the assessment that it protects are lost and gone forever.

7. In this case, after the Federal Tax Liens were extinguished by the Stature of Limitations, the IRS extended the liens. Plaintiff does not contest the fact that the IRS can extend the life of NFTL before the expiration of the Statue of Limitations or " last day for refilling".

However in this case, the IRS attempted to extend the dead liens by filing Form 12474-A "Revocation of Certificate of Release of Federal Tax Lien." This Revocation was not

filed according to law, but it halted the closing, which cost the petitioner a large amount of money.

This revocation of expiration of assessment whether by error or purpose to harass plaintiff, cost Enax a lot of money. The lost to plaintiff continues of a daily basis, causes irreparable harm and more damages.

8. The IRS on Form 12474(A) stated very clearly that it revoked the Certificate of Release. However, in this case no Certificate of Release existed as the liens were released under the automatic release provisions. Therefore, this form and action of the IRS was erroneous.

9. The Internal Revenue Code is extremely complicated and complex. If the IRS has legal grounds to revoke the automatic release, they should be required to show case before this court. The IRS must prove why the revocation form should not be removed from the deed room.

10. Enax has given the IRS no grounds to extend the Statue of Limitations. This is entirely a matter of law as no facts are in dispute. Attached as exhibits A-I are the IRS form of Revocation of Certificate of Release of Federal Tax Lien, dated as follows:

A. Serial # 590207841   dated   08/15/2005

B. Serial # 213660605   dated  08/15/05

C. Serial # 149406784   dated  08/11/2005

D. Serial # 149401095   dated  08/11/2005

E. Serial # 149406783   dated  08/11/2005

F. Serial # 149403108   dated  08/11/2005

G. Serial # 244796105   dated  08/23/2005

### III. TEMPORARY INJUNCTION

11. Plaintiff requests a Temporary Restraining Order (TRO) and removal of the illegal federal tax liens against his real estate. In the alternative, Plaintiff request that the damages under IRC 7433 be increased by $1000 per day.

12. Defendant has no chance of prevailing in this case. The liens were extended after they expired by the Statue of Limitations. The facts or the law does simply not support the Revocation of Release.

13. The Tax Service would suffer no harm from a temporary removing the tax liens . Plaintiff is not going anywhere and is not moving the real estate. The IRS will eventually collect every cent that is owed plus interest. However, the closing must go forward and the property sold. Therefore, profits would be generated and more taxes would be collected eventually.

A TRO would lessen the Plaintiff's damages and the IRS payout under the Illegal Tax Collection Act.

14. Plaintiff is suffering irreparable harm due to the delay in the closing of the sale of the real estate. Plaintiff has exhausted his administrative remedies and is entitled to a TRO. He has no alternative remedy by law. No bond is needed under Rule 65 as no money of the tax people is at risk.

15. This court should issue its Rule to Show Cause for the IRS to disprove Plaintiff's request. However, the government's attorney will need a long time to force the IRS to produce the records and documents in this case. The tax agency has historically been reluctant to admit the errors of its employees.

16. Notice to opposing party under Rule 65 (b) is not needed because:

   A. Plaintiff will lose more money and suffer immediate and irreparable financial loss and damages.
   B. Plaintiff as attorney pro se certifies such in this verified complaint.

WHEREFORE, Plaintiff request that This Honorable Court do grant the relief herein requested, grant fees, cost and out-of-pocket cost and other appropriate relief.

_[signature]_                                    Date: 11/18/05

Ernest Enax
Plaintiff pro per
6319 12th St. North
St. Petersburg, FL 33702
Phone: 727-526-6745

# Verification

Plaintiff hereby verifies that the information stated above is true and correct.

_[signature]_                                    Dated: 11/18/05

Ernest Enax, pro per

State of Florida    (
County of Pinellas  (

Sworn to before me this 18 day of November 2005

_[signature]_
Notary Public for Florida, expires

NICOLE L. BROUSE
MY COMMISSION # DD 241499
EXPIRES: August 13, 2007
Bonded Thru Notary Public Underwriters