**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ERNEST ENAX

    Plaintiff,

    V.                                    CASE NO. 8:05cv2124-T-17TGW

UNITED STATES OF AMERICA and
INTERNAL REVENUE SERVICE,

    Defendants.

---

UNITED STATES' MOTION TO DISMISS

The United States of America, by counsel, moves to dismiss the present action pursuant to Rules 12(b)(1) and (2) of the Federal Rules of Civil Procedure and, in support thereof, submits the following memorandum of law.

BACKGROUND

The taxpayer, Ernest Enax, brings the present action seeking economic damages and injunctive relief against the United States. The complaint alleges that the Internal Revenue Service ("IRS") had revoked the self-release of various Notices of Federal Tax Lien in the public record and that, by way of such revocation, the taxpayer has been unable to sell a piece of real property, causing him economic harm.

The IRS made multiple tax assessments against the taxpayer between 1993 and 1995. As part of its collection efforts, and pursuant to its statutory authority, the IRS then filed in the public record a number of Notices of Federal Tax Lien ("Notices"). Such notices are effective so long as the period of limitations for the collection of the underlying tax assessment has not expired. *See* 26 U.S.C. Section 6322. That period is typically ten years from the date of assessment. *See* 26 U.S.C. Section 6502(a)(1). Under

1735562.1

normal circumstances, then, notices filed for assessments made between 1993 and 1995 would self-release at various times between 2003 and 2005.

As the ten year periods of limitation began to expire on the assessments against the taxpayer, the IRS allowed the notices to self-release. However, because the periods of limitation for collecting the taxes was tolled, the IRS could have renewed the notices to reflect the extended collections period. More specifically, the taxpayer had filed for bankruptcy on November 15, 1994 in the bankruptcy court for the Northern District of New York, case number 94-14195. *See* Exhibit A. This bankruptcy effectively tolled the period of limitations for the entire pendency of that action plus an additional sixty (60) days thereafter. *See* 26 U.S.C. Section 6503(h). The bankruptcy case was closed on September 13, 2000, meaning that the bankruptcy lasted approximately six years.

Because of these tolling events, the limitations periods for collecting the tax assessments underlying the notices had not expired on the date of the self-release. As such, the IRS could have renewed the notices prior to their self-release to reflect the extended collections period. The IRS instead chose to revoke their self-release, which it is statutorily permitted to do pursuant to 26 U.S.C. Section 6325(f)(2). Taxpayer brings this action and requests the Court award monetary damages, declare the notices invalid, and order the IRS to release the liens. The Court should dismiss the complaint.

## ARGUMENT

### I. The Internal Revenue Service is Not a Proper Party

Taxpayer improperly names the Internal Revenue Service as a defendant. Suit against the IRS is improper because an executive department of the United States can only be sued with the express authorization of Congress. Deleeuw v. IRS, 681 F. Supp. 402, 403-04 (E.D. Mich. 1987) (citing Blackmar v. Guerre, 342 U.S. 512, 514-15 (1952)). Congress has not consented to suit against the IRS. Castleberry v. ATF, 530

F.2d 672, 673 n.3 ("Congress has not constituted the Treasury Department or any of its divisions or bureaus as a body corporate and has not authorized them to be sued eo nomine") (5th Cir. 1976). The United States is the only real party in interest, so the Court should dismiss the IRS as a named defendant. See Hawaii v. Gordon, 373 U.S. 57, 58 (1963); Dugan v. Rank, 372 U.S. 609, 620 (1963); Louisiana v. McAdoo, 234 U.S. 627, 632 (1914).

## II.     The Court is Without Subject Matter Jurisdiction

The Taxpayer requests two forms of relief. First, he requests the Court order the United States to remove the notices so that he can sell his real property. *See* Complaint at ¶ 1. Second, he seeks damages because the liens precluded him from selling a piece of real property. *See* Complaint at ¶ 1. The Court does not have subject matter jurisdiction to grant any of the requested relief.

### 1.     *Injunctive Relief*

Taxpayer seeks an order directing the IRS to release its notices, but injunctive relief is prohibited by the Anti-Injunction Act. Section 7421(a) of the Internal Revenue Code provides, in relevant part, that:

> [N]o suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

This statute's plain language makes clear that suits for injunctive relief against the IRS' assessment or collection efforts are prohibited. *See* O'Hagan v. United States, 86 F.3d 776, 778 (8th Cir. 1996). By requesting "a Temporary Restraining Order (TRO) and removal of the illegal federal tax liens against his real estate," the taxpayer is plainly seeking injunctive relief against the IRS' efforts to collect his outstanding tax assessments. Because such actions are barred by the Internal Revenue Code, the Court is without subject matter jurisdiction to grant the relief requested.

Under <u>Enochs v. Williams Packing & Navigations Co.</u>, 370 U.S. 1, 6-8 (1962), a narrow exception to the Anti-Injunction Act is available to a taxpayer who establishes (1) that it is clear that under no circumstances can the Government prevail on the merits, and (2) that equity jurisdiction would otherwise exist – i.e., that the litigant is threatened with irreparable injury and there are no adequate legal remedies available. Taxpayer cannot satisfy the <u>Williams Packing</u> test. First, it does not appear that he can prevail on the merits of his case. The crux of his argument is that the period of limitations for collecting his unpaid tax liabilities has expired, and therefore the IRS may be forced to release its lien. But as we mentioned above, taxpayer filed a bankruptcy petition, and during the time that the bankruptcy automatic stay was in effect, the limitations period was tolled. 26 U.S.C. Section 6503(h). In addition, there may be other events (such as the filing of collection due process requests) that have further tolled the collection period. Second, taxpayer cannot show that he has been irreparably harmed and that no other adequate legal remedies. To the extent that he is attempting to sell his house, the Internal Revenue Code allows the IRS to discharge property from a federal lien if the taxpayer satisfies certain requirements. 26 U.S.C. Section 6325(b)(3). Taxpayer has not alleged that he has even attempted to seek relief under this provision. Moreover, taxpayer recognizes that 26 U.S.C. Section 7433 allows him to seek damages for certain wrongful collection acts. Plainly he has other remedies available to him. The judicial exception to the anti-injunction act provides no relief for the taxpayer in this instance.

  2.  *<u>Monetary Award Under 26 U.S.C. Section 7433</u>*

Taxpayer requests an award of damages pursuant to 26 U.S.C. Section 7433, but he has failed to demonstrate that he satisfies the jurisdictional prerequisites for filing a Section 7433 action. Section 7433 provides, in relevant part, that:

> If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation, promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States.

26 U.S.C. § 7433(a). Section 7433 contains several limitations, including a requirement that administrative remedies be exhausted. The limitations specifically provide that:

> Requirement that administrative remedies be exhausted. – A judgment for damages shall not be awarded under subsection (b) unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service.

26 U.S.C. § 7433(d)(1). Prior to filing suit pursuant to § 7433, a taxpayer must first file an administrative claim with the IRS as set forth in Treas. Reg. § 301.7433-1. That regulation provides that no action can be maintained in district court before the earlier of (1) the date the decision is rendered on the administrative claim; or (2) the date six months after the date on which a proper administrative claim is filed. *See* Treas. Reg. § 301.7433-1(d). Accordingly, a taxpayer must first wait until a decision is made on the claim, or until six months have lapsed since the filing of the claim, before filing suit. The district court lacks jurisdiction where administrative remedies have not been exhausted. Venen v. United States, 38 F.3d 100 (3d Cir. 1994); Conforte v. United States, 979 F.2d 1375 (9th Cir. 1993).

The complaint in the present case was filed on November 18, 2005. Yet, the IRS did not receive the taxpayer's administrative request for relief until May 2, 2006, approximately five months after the filing of this suit. *See* Exhibit B.[1] Because the claim for administrative relief came after the complaint, taxpayer cannot maintain a Section 7433 action. A district court must analyze its jurisdiction from the time of a complaint.

---

[1] The Government attached only the first 13 pages of the taxpayer's 67-page administrative claim for relief in which he made many lengthy, frivolous arguments.

See Church of Scientology of Colorado v. United States, 499 F.Supp. 1085 (D. Colo. 1980) (full payment of taxes made 22 months after suit was filed failed to confer jurisdiction on the court); Rutherford v. United States, 528 F.Supp. 167, 169 (W.D. Tex. 1981) (payment of balance of assessed tax after suit has been filed will not support jurisdiction), rev'd on other grounds, 702 F.2d 580 (5th Cir. 1983).  Taxpayer's belated filing of an administrative claim does not cure the jurisdictional defect.

WHEREFORE, the United States respectfully requests the Court dismiss the Complaint.

Respectfully Submitted,

PAUL I. PEREZ
United States Attorney

/s/ Richard D. Euliss
RICHARD D. EULISS
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 14198
Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 514-5915
Facsimile: (202) 514-9868
Email: Richard.D.Euliss@usdoj.gov

## CERTIFICATE OF SERVICE

      I hereby certify that on May 31, 2006 service of the foregoing Motion to Dismiss has been made upon the following by depositing a copy in the United States mail, postage prepaid:

      Ernest Enax
      Pro Se
      6319 12th St. North
      St. Petersburg, FL 33702

      /s/ Richard D. Euliss
      Trial Attorney, Tax Division
      U.S. Department of Justice