FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION                     2006 JUN 23  PM 12: 17

| | | |
|---|---|---|
| Ernest Enax | ) | Case No: 8:05CV2124-T-17TGW |
| Plaintiff | ) | |
| V. | ) | OBJECTION to MOTION |
| | | To DISMISS |
| UNITED STATES OF AMERICA | ) | |
| And | ) | |
| INTERNAL REVENUE SERVICE | ) | |
| Defendants | ) | |

Petitioner Ernest Enax hereby files his Objection to the Government's Motion to Dismiss dates May 31, 2006, ( received letter from the Government's Attorney on June 15, 2006 because Plaintiff is away from his residence and mail was Forwarded to where Plaintiff is living for the summer) on the following reasons:

1. The most able and well paid Government Attorney omitted entirely in his Motion to Dismiss the principle in fact, the only real issue in this case: that the renewed liens were in excess of about six years in length.

2. In this Objection Plaintiff does not contest:
    A. Whether the IRS could renew a lien.
    B. Whether the IRS could reinstate an expired tax lien.
    C. That the Statute of Limitations was tolled foe a number of years.
    D. That Plaintiff filed bankruptcy, which suspended the ten year limitation period for a few years.

3. The original lien was filed for ten years, and if the IRS did extend the lien

before it expired, the could extend it for a full ten years. However, those are not the facts in this case. In, the instant case, the lien expired by themselves after ten years, and the IRS failed to extend the lien's within that time period.

After the lien expired, the IRS revoked the natural expiration of the liens and instituted new liens.

However, the new liens could only last as long as the tolling of the original liens. By error or malice, the Revenue Officer renewed these liens for ten years instead of the proper number of years, which was about four. Therefore, by law, the current NFTL and the Revocation of Federal Tax Lien's have expired, and should be removed.

4. Additionally, Plaintiff sued for damages under n 7433, and the Government points out at great length that the Plaintiff Enax did not exhaust his administrative remedies. However, Plaintiff can simply send in his administrative claim to the IRS, file another suit separately, and eat up more of the valuable time of the courts and the parties involved. For the purpose of judicial economy, this court should simply award Enax statutory damages and end this long and complicated case.

5. Even though Plaintiff clearly stated his position in his Motion for Summary Judgment, the Government does not refute, deny or object to Plaintiff's argument that the renewed lien's was excessive by about six years. Since the Government does not dispute or argue against Plaintiff, clearly delineated facts and arguments, obviously the Government agrees

with, them, or the high paid DOJ attorney failed to counter Plaintiff's position because of a typing error.

Any position that is not controverter is to be taken by the courts as admitted. Silence implies consent. Since the Government does not dispute the fact that the liens was originally excessive, has now expired, and is therefore now illegal, the court should simply order the IRS to remove the liens and limit the 7433 damages against the Tax Payers.

6. As soon as the IRS removes the illegal liens (probably by court order), Plaintiff would incur no more damages for which the IRS must reimburse him. Therefore, the Government would benefit for this court to order the removal of the expired NFTL's and Revocation of Federal Tax Lien's. As we all know the federal bureaucracies will not take steps to help a citizen even when everyone knows that is better and more expedient to do so. The Federal Judges routinely issue injunctions under IRC 7433, as anyone can see that Congress intended that to be part of the Taxpayers' Bill of Rights II. Attached as Exhibit A is an altered copy of a court order dated 21st day of November, 2005 in <u>Olender vs. USA CA# 8:05CV-2019-T-27MAP</u> by Judge James D. Whitemore of this same court.

7. In his Motion to Dismiss the DOJ attorney sent a partial copy of Plaintiffs letter to Area Director of the IRS. Exhibit B shows the rest of the letter. Please note that the Affidavit the was in this letter that the IRS Officer who placed the lien's on Plaintiff could have been filled out and returned to Plaintiff if the liens were legal. Also note the letters and case law that

was sent to her in the year 2004 and was never answered by Revenue Officer.

Plaintiff has other letters that was sent to the Secretary of Treasurer and the Commissioner of the IRS and other officer's of the IRS and not one responded to any letter.

8. Plaintiff incorporates by reference his Motion for Summary Judgment. Said Motion has the exhibits and exact dates.

WHEREFORE, Plaintiff requests that this Honorable Court deny the government's Motion to Dismiss and to grant the heretofore filed Summary Judgment of Enax and relief therein requested, grant fees, costs and out of pocket costs and other appropriate relief.

CERTIFICATE OF SERVICE: I do hereby certify that on this date, I sent properly a copy of this pleading to opposing counsel.

_____ Date; 6/27/2006

Ernest Enax, Plaintiff pro per

6319 12th St North

St. Petersburg, Fl 33702