# EXHIBIT B

37 Am Jur 2d at section 8 states in part, "Fraud vitiates every transaction and all contracts. Indeed, the principle is often stated, in broad and sweeping language, that fraud destroys the validity of everything into which it enters, and that it vitiates the most solemn contracts, documents, and even judgments."

If you fail to respond to this correspondence and resort to evasive tactics, there will be ample reason to conclude that there is fraud and extortion involved in her actions and that she has used the U.S. Postal Service to commit these acts. Therefore, I demand that this matter be settled at once.

The requested Affidavit of Authority may be used as evidence in judicial proceedings and should therefore conform to the Federal Rules of Evidence. Please certify it as true and correct under seal and

penalty of perjury using Form 2866 (Certificate of Official Record) or by having it signed under penalty of perjury at the bottom of the form. If the requested information in the Affidavit does not exist, please certify that the information does not exist under seal and penalty of perjury using Form 3050 (Certificate of Lack of Record) or other legally binding statement.

I also demand that you produce a copy of Quimby's Oath of Office. This will help assure that you are acting lawfully and upholding the laws of the United States. Please have another agent witness her signature.

This is my final attempt to obtain administrative remedy. The remedy that I demand is

        1) removal of the illegally issued notices of federal tax lien from my property title.

        2) return all rents that Quimby has collected with interest

        3) removal of all Revocation of Certificate of Release of Federal Tax Lien's

(See the Tacco Bell lawsuit.) If you do not provide me with this final attempt at administrative remedy, I will be filing a claim for damages in the amount of $1.000,000.00 against The United States and Quimby, personally, and thereafter proceed to collect in US District Court seeking triple damages and costs and possible lawyer fees. If you decide to provide me with my administrative remedies, I will not proceed further and will consider the matter closed.

> Federal employees may become personally liable for constitutional deprivation by direct participation, failure to remedy wrongs after learning about it, creation of a policy or custom under which constitutional practices occur or gross negligence in managing subordinates who cause violations. (Gallegos v. Haggerty, Northern District of New York, 689 F.Supp. 93)

## ATTACHMENTS

Revocation of Certificate of Release of Federal Tax Lien, Form 12474A

Serial # 590207841, Serial # 213660605, Serial # 149406784, Serial # 149401 095, Serial # 149406783, Serial # 149403108

Notice of Federal Tax Lien, Form 668(Y)©)

 Serial # 244796105, Serial 3 244998905, Serial # 244999505

Exhibit A

Exhibit B

Exhibit C

Exhibit D

A letter to Michele Quimby, Commissioner Mark Everson and Secretary of the Treasury John Snow of which neither of them ever, ever, ever responded to my letter.

A response to a letter that Michele Quimby sent to me on 11/29/2004 and she never responded to my letter.

## EXHIBIT A

Lines 4, 5, 6, 7, and 10 were illegally assessed against me. Whoever changed my return had NO Delegation Order from The Secretary.Income tax is based on "self-assessment" - see Treasury Reg. 601.103. "Our income tax system is voluntary and the Internal Revenue Service must perforce rely on the self-assessment of the taxpayer."

In Re Schmitt, 140 B,R, 571 (19920, "Under the ordinary usage of the English language a 'self-assessment' would appear to be an "assessment" which is accomplished by the taxpayer himself....I, Therefore, conclude that a self-assessment is the taxpayer's own representation on the income tax return of his or her tax liability. "

Fuller v. United States, 615 F. Supp. 1054, 1057, 1058 ( D.C. Cal. 1985 ). In addition, the IRS "ADP and IRS Information" manual (Document 6209, Cat. No. 614620) defines a Transaction Code 150 (TC 150), in relevant part, as follows:

> "A tax liability assessed from the original return established a tax module... this TC 150 when posted to the Entity Transaction Section indicates the master File Entity was created from the posting of the return."

It is clear that pursuant to 26  U. S. C. 241. The Secretary (or his delegate) is only authorized to "estimate the amount of tax which has been omitted to be paid" by stamp. And he as no statutory authority to "estimate the amount of  tax that has been omitted to be paid" on the basis of a return.This being the case, and in conformity with the meaning of a TC 150 and 26 U. S. C. 6201, no income tax liability can be assessed from my tax return or other returns where a zero return is shown. Consequently, no "tax module" or "Master File Entity" can be "created" for me with respect to my tax returns.  Therefore, they cannot "change/adjust" any returns. Because they legally do not even have a "tax module" to work from.

Check Treasury Regulation 31 CFR  0.205 which clearly provides that Federal employees are nor permitted to "altar"..documents or data in the custody of the Federal Government without proper authority. ".

IR: 2005342230 BK: 14560  PG: 1750, 08/26/2005 at 02:56 PM, RECORDING 1 PAGES
$10.00    KEN BURKE, CLERK OF COURT PINELLAS COUNTY, FL BY DEPUTY CLERK:
CLKDMC5

---

Form **12474-A**
(Rev. January 2000)
Cat. No. 31486

**Revocation of Certificate of Release of Federal Tax Lien**

Department of the Treasury - Internal Revenue Service

| District | Serial Number | For Optional Use by Recording Office |
|---|---|---|
| SB/SE # 5 | 590207841 | |

I certify that we mistakenly allowed a Notice of Federal Tax Lien filed against the taxpayer named below to operate as a Certificate of Release. I declare that the automatic release of the Notice of Federal Tax Lien is revoked and that the lien is reinstated as provided under Internal Revenue Code Section 6325(f)(2).

Name of Taxpayer

Ernest Enns AKA Ernest Enns, Jr.

Residence

PO Box 514
Cairo, New York 12413

| Kind of Tax (a) | Tax Period Ended (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| 6672 | 03/31/1994 | 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 | 03/29/1995 | 06/26/2005 | 26,780.61 |
| 6672 | 06/30/1994 | 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 | 04/03/1995 | 05/03/2005 | 22,006.54 |

| Place of Filing | Total |
|---|---|
| Clerk of Circuit Court<br>Pinellas County, Clearwater, FL 33756 | $ 48,787.16 |

This notice was prepared and signed at Buffalo, New York on this,
the _____ 13th _____ day of _____ August _____ 2005 _____ .

| Signature | Title |
|---|---|
| S.M. Quimbi | Revenue Officer |

Form 12474-A (Rev. 01-2000)

PART 1 — Recording Office Copy

*THIS IS THE BACK SIDE OF*

*"REVOCATION notice"*

**Reason for Revoking the Certificate of Release of Federal Tax Lien
and Reinstating the Notice of Federal Tax Lien**

☐ Federal Tax Lien released in error.

☑ Failure to comply with collateral agreement
in connection with a compromise.

☐ Liability was not discharged through
litigation.

☒ Notice of Federal Tax Lien was not refiled
timely.

Form **12474-A**

(Rev. January 2003)

Cat. No. 39467D

Department of the Treasury - Internal Revenue Service

## Revocation of Certificate of Release of Federal Tax Lien

| District | Serial Number | For Optional Use by Recording Office |
|---|---|---|
| SE/SE # 5 | 213660605 | |

I certify that we mistakenly allowed a Notice of Federal Tax Lien filed against the taxpayer named below to operate as a Certificate of Release. I declare that the automatic release of the Notice of Federal Tax Lien is revoked and that the lien is reinstated as provided under Internal Revenue Code Section 6325(f)(2).

Name of Taxpayer

Bruce Esse A/K/A Ernest Esse Jr.

Residence

PO Box 514
Cairo, New York 12413

| Kind of Tax (a) | Tax Period Ended (b) | Identifying Number | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| 6672 | 03/31/1994 | 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 | 05/29/1995 | 06/28/2005 | 26,708.62 |
| 6672 | 09/30/1994 | 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 | 04/03/1995 | 05/03/2005 | 22,006.54 |
| 1040 | 12/31/1993 | 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 | 10/25/1994 | N/A | -11,545.30 |

| Place of Filing | Total |
|---|---|
| Greene County Clerk, Catskill, New York 12414 | $ 60,332.46 |

This notice was prepared and signed at _____Buffalo, New York_____, on this,

the _____19th_____ day of _____August_____ _____2005_____

| Signature | Title |
|---|---|
| [signature] | Revenue Officer |

Note: Certificate of officer authorized by law to take acknowledgment is not essential to the validity of Revocation of Certificate of Release of Federal Tax Lien

Rev. Rul. 71-466, 1971-2 C.B. 409.)

**PART 2 — Taxpayer's Copy**

Form 12474-A (Rev. 01-2003)

| Form 12474(A)<br>Rev. 10-00 | 8397   Department of the Treasury – Internal Revenue Service<br>**Revocation of Certificate of Release of Federal Tax Lien** | | For Use by Recording Office |
|---|---|---|---|
| SMALL BUSINESS/SELF EMPLOYED AREA #2<br>Lien Unit Phone (800) 913-6056 | Serial Number<br>149406784 | | |

I certify that we mistakenly allowed a Notice of Federal Tax Lien filed against the taxpayer listed below to operate as a Certificate of Release. I declare that the automatic release of the Notice of Federal Tax Lien is revoked and that the lien is reinstated as provided under Internal Revenue Code Section 6325(f)(2).

**Name of Taxpayer**   ERNEST EMAX JR

**Residence**   PO BOX 514
CAIRO, NY 12413-0514

**COURT RECORDING INFORMATION:**

| Idber | Page | UCC No. | Serial No. |
|---|---|---|---|
| n/a | n/a | n/a | 94-113 |

| Kind of Tax<br>(a) | Tax Period Ending<br>(b) | Identifying Number<br>(c) | Date of Assessment<br>(d) | Last Day for Refiling<br>(e) | Unpaid Balance of Assessment<br>(f) |
|---|---|---|---|---|---|
| 1040 | 12/31/1993 | 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 | 10/25/1994 | 11/24/2004 | 11857.75 |

| Place of Filing | COLUMBIA COUNTY CLERK<br>COLUMBIA COUNTY<br>HUDSON, NY 12534 | Total | $ | 11,857.75 |
|---|---|---|---|---|

This notice was prepared and signed at _____ **Albany, NY** _____, on this,

the ___11th___ day of ___August___, ___2005___.

| Signature  *C Sherwood* | Title  **Director, Payment Compliance** |
|---|---|

(NOTE: Certificate of officer authorized by law to take acknowledgments is not essential to the validity of Revocation of Certificate of Release of Federal Tax Lien Rev. Rul. 71-466, 1971 - 2 C.B. 409)

Part 3 - TAXPAYER COPY

Form 12474(A) Rev. 10-00
CAT. NO 73178W

| Form 12474(A) (Rev. 10-00) | 8397   Department of the Treasury – Internal Revenue Service **Revocation of Certificate of Release of Federal Tax Lien** | | For Use by Recording Office |
|---|---|---|---|
| Area: LIEN & INVESTMENT AREA #1 Lien Unit Phone (800) 913-6050 | Serial Number 149401095 | | |

I certify that we mistakenly allowed a Notice of Federal Tax Lien filed against the taxpayer listed below to operate as a Certificate of Release. I declare that the automatic release of the Notice of Federal Tax Lien is revoked and that the lien is reinstated as provided under Internal Revenue Code Section 6325(f)(2).

Name of Taxpayer ERNEST BRAX JR

Residence    PO BOX 514
CAIRO, NY 12413-0514

COURT RECORDING INFORMATION:
Liber  Page  UCC No.  Serial No.
n/a    n/a   n/a      94-19

| Kind of Tax (a) | Tax Period Ending (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| 1040 | 12/31/1991 | 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 | 12/27/1993 | 01/26/2004 | 30273.82 |

Place of Filing    GREENE COUNTY CLERK
GREENE COUNTY
CATSKILL, NY 12414                   Total $ 30273.82

This notice was prepared and signed at ____Albany, NY____, on this,

the __11th__ day of __August__, __2005__.

Signature  C.Sherwood       Title Director, Payment Compliance

(NOTE: Certificate of officer authorized by law to take acknowledgments is not essential to the validity of Revocation of Certificate of Release of Federal Tax Lien Rev. Rul. 71-466, 1971 - 2 C.B. 409)

Part 3 - TAXPAYER COPY      Form 12474(A) (Rev. 10-00) CAT. NO 72170W

Form 12474(A) (Rev. 10-00)   8397   Department of the Treasury – Internal Revenue Service

# Revocation of Certificate of Release of Federal Tax Lien

SMALL BUSINESS/SELF EMPLOYED AREA #2
Lien Unit Phone (800) 913-6050

Serial Number: 149406783

For Use by Recording Office

I certify that we mistakenly allowed a Notice of Federal Tax Lien filed against the taxpayer listed below to operate as a Certificate of Release. I declare that the automatic release of the Notice of Federal Tax Lien is revoked and that the lien is reinstated as provided under Internal Revenue Code Section 6325(f)(2).

Name of Taxpayer: ERNEST EMAY JR

Residence: PO BOX 514, CAIRO, NY 12413-0514

COURT RECORDING INFORMATION:
Liber n/a   Page n/a   UCC No. n/a   Serial No. 94-146

| Kind of Tax (a) | Tax Period Ending (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| 1040 | 12/31/1993 | 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 | 10/25/1994 | 11/24/2004 | 11857.75 |

Place of Filing:
GREENE COUNTY CLERK
GREENE COUNTY
CATSKILL, NY 12414

Total $ 11857.75

This notice was prepared and signed at Albany, NY, on this, the 11th day of August, 2005.

Signature: CSherwood   Title: Director, Payment Compliance

(NOTE: Certificate of officer authorized by law to take acknowledgments is not essential to the validity of Revocation of Certificate of Release of Federal Tax lien Rev. Rul. 71-466, 1971 - 2 C.B. 409)

Part 3 - TAXPAYER COPY

Form 12474(A) (Rev. 10-00)
CAT. NO 73178W

**Form 12474(A)**
(Rev. 10-00)

8397 . Department of the Treasury – Internal Revenue Service

# Revocation of Certificate of Release of Federal Tax Lien

| Area: SMALL BUSINESS/SELF EMPLOYED AREA #2 Lien Unit Phone (800) 913-6050 | Serial Number 149403108 | For Use by Recording Office |
|---|---|---|

I certify that we mistakenly allowed a Notice of Federal Tax Lien filed against the taxpayer listed below to operate as a Certificate of Release. I declare that the automatic release of the Notice of Federal Tax Lien is revoked and that the lien is reinstated as provided under Internal Revenue Code Section 6325(f)(2).

Name of Taxpayer   ERNEST EMAX JR

Residence    PO BOX 514
             CAIRO, NY 12413-0514

### COURT RECORDING INFORMATION:

| Liber | Page | UCC No. | Serial No. |
|---|---|---|---|
| n/a | n/a | 94-52 | n/a |

| Kind of Tax (a) | Tax Period Ending (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| 1040 | 12/31/1991 | 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 | 12/27/1993 | 01/26/2004 | 30282.82 |

| Place of Filing | COLUMBIA COUNTY CLERK COLUMBIA COUNTY HUDSON, NY 12534 | Total $ | 30282.82 |
|---|---|---|---|

This notice was prepared and signed at    Albany, NY    , on this,

the   11th day of   August   , 2005.

| Signature   *C Sherwood* | Title Director, Payment Compliance |
|---|---|

NOTE: Certificate of officer authorized by law to take acknowledgments is not essential to the validity of Revocation of Certificate of Release of Federal Tax Lien Rev. Rul. 71-466, 1971 - 2 C.B. 409)

Part 3 - TAXPAYER COPY

Form 12474(A) (Rev. 10-00)
CAT. NO 73173W

## EXHIBIT B

Lines 11, 13 and 14 are Frivolous or Civil Penalty's.

Section 6702 - Frivolous income tax return

(A) Civil penalty

(1) any individual files what purports to be a return of the tax imposed by subtitle A but which -

    (A) does not contain information on which the substantial correctness of the self-assessment
        may be judged, or

    (B) contains information that on its face indicates that the self-assessment is substantially
        incorrect; and

(2) the conduct referred to in paragraph (1) is due -

    (A) a position which is frivolous, or

    (B) a desire (which appears on the purported return) to delay or impede the administration of
        Federal income tax laws, the such individual shall pay a penalty of $500

(b) Penalty in addition to other penalties

    The penalty imposed by subsection (a) shall be in addition to any other penalty provided by law.

I noticed that section 6702 (2) (b) (a), states that the penalty imposed is in addition to another penalty
provided by LAW.

Pursuant to 44 U.S.C. 1501 (a), the Federal Register Act, the law requires that any order, regulation, or
rule that prescribes a penalty must be published in the Federal Register.

The Internal Revenue Manual states that the IRS lacks authority to issue a civil penalty without
judgement:

IRM 5400 (19)(b)(2)

The civil penalty for non-compliance may be imposed only by filing a suit in the name of the United States, naming the taxpayer as a defendant and securing judgement. Unless the IRS has filed a suit in the name of the United States and secured a judgement against the Taxpayer, no authorization exists for any collections against myself for any civil penalty.

Authority is lacking for 26 U.S.C. section 6702, as there is no implementing regulation supporting it.

If the IRS is to impose any civil penalty(s) with respect to any Subtitle taxes against me, the code must be supported by a Title 26 implementing regulation.

According to 26 U.S.C. 6703 (a), the burden of proof is with the IRS.

| Form 668 (Y)(c) | 1872 | Department of the Treasury - Internal Revenue Service |
|---|---|---|
| (Rev. February 2004) | | **Notice of Federal Tax Lien** |

| Area: SMALL BUSINESS/SELF EMPLOYED AREA #5 (800) 913-6050 | Serial Number 245716105 | For Optional Use by Recording Office |
|---|---|---|

As provided by section 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

- This Notice of Federal Tax Lien has been filed as a matter of public record.
- IRS will continue to charge penalty and interest until you satisfy the amount you owe.
- Contact the Area Office Collection Function for information on the amount you must pay before we can release this lien.
- See the back of this page for an explanation of your Administrative Appeal rights.

**Name of Taxpayer** ERNEST EMAX

**Residence** 6519 12TH ST N
ST PETERSBURG, FL 33702-7325

**IMPORTANT RELEASE INFORMATION:** For each assessment listed below, unless notice of the lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax (a) | Tax Period Ending (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| 6672 | 03/31/1994 | 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 | 05/29/1995 | N/A | 56774.04 |
| 6672 | 09/30/1994 | 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 | 04/03/1995 | N/A | 47362.38 |

| Place of Filing | | | |
|---|---|---|---|
| CLERK OF CIRCUIT COURT PINELLAS COUNTY CLEARWATER, FL 33756 | | Total | 104136.42 |

This notice was prepared and signed at _____JACKSONVILLE, FL_____ , on this,

the 22nd day of ____August____ , 2005 .

| Signature _Susan A. Henson_ for MICHELE QUIMBY | Title REVENUE OFFICER (727) 560-2929 | 25-04-2323 |
|---|---|---|

(NOTE: Certificate of officer authorized by law to take acknowledgment is not essential to the validity of Notice of Federal Tax Lien Rev. Rul. 71-466, 1971 - 2 C.B. 409)

**Part 3 - Taxpayer's Copy**

CAT. NO 60025X
Form 668 (Y)(c) (Rev. 02-04)

Form 668 (Y)(c)
(Rev. February 2004)

1872

Department of the Treasury - Internal Revenue Service

# Notice of Federal Tax Lien

| Area: SMALL BUSINESS/SELF EMPLOYED AREA #2 (800) 913-6050 | Serial Number 214920905 | For Optional Use by Recording Office |
|---|---|---|

As provided by section 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

- This Notice of Federal Tax Lien has been filed as a matter of public record.
- IRS will continue to charge penalty and interest until you satisfy the amount you owe.
- Contact the Area Office Collection Function for information on the amount you must pay before we can release this lien.
- See the back of this page for an explanation of your Administrative Appeal rights.

Name of Taxpayer    ERNEST EMAX

Residence    6819 12TH ST N
ST PETERSBURG, FL 33762-7583

IMPORTANT RELEASE INFORMATION: For each assessment listed below, unless notice of the lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax (a) | Tax Period Ending (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| 1040 | 12/31/1993 | 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 | 10/25/1994 | N/A | 11945.30 |
| 6672 | 03/31/1994 | 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 | 05/29/1995 | N/A | 56774.04 |
| 6672 | 09/30/1994 | 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 | 04/03/1995 | N/A | 47362.38 |

| Place of Filing | | | | |
|---|---|---|---|---|
| GREENE COUNTY CLERK GREENE COUNTY CATSKILL, NY 12414 | | | Total | 116081.72 |

This notice was prepared and signed at _____ MANHATTAN, NY _____, on this,

the 25th day of August, 2005.

| Signature | Title |
|---|---|
| Jason A. Hansen for KIMBERLY QUINTAS | REVENUE OFFICER  (518) 427-6104    22-01-1423 |

NOTE: Certificate of officer authorized by law to take acknowledgment is not essential to the validity of Notice of Federal Tax Lien
Rev. Rul. 71-466, 1971 - 2 C.B. 409)

Part 3 - Taxpayer's Copy

CAT. NO 60025X
Form 668 (Y)(c) (Rev. 02-04)

Form 668 (Y)(c)
(Rev. February 2004)

1872    Department of the Treasury - Internal Revenue Service

# Notice of Federal Tax Lien

| Area: SMALL BUSINESS/SELF EMPLOYED AREA #2 Lien Unit Phone: (800) 913-6050 | Serial Number 244999505 | For Optional Use by Recording Office |
|---|---|---|

As provided by section 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

For Optional Use by Recording Office:

● This Notice of Federal Tax Lien has been filed as a matter of public record.

● IRS will continue to charge penalty and interest until you notify the amount you owe.

● Contact the Area Office Collection Function for information on the amount you must pay before we can release this lien.

● See the back of this page for an explanation of your Administrative Appeal rights.

Name of Taxpayer   ERNEST EMAX , (A)lso (K)nown (A)s
ERNEST EMAX JR
213660605

Residence    6319 12TH ST N
ST PETERSBURG, FL 33702-7303

**IMPORTANT RELEASE INFORMATION:** For each assessment listed below, unless notice of the lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax (a) | Tax Period Ending (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| 1- 1040 | 12/31/1991 | 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 | 12/27/1993 | N/A | 38390.15 |
| 2- 1040 | 12/31/1993 | 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 | 10/25/1994 | N/A | 11545.30 |
| 3- 1040 | 12/31/1995 | 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 | 02/01/1999 | 03/03/2009 | 1882.18 |
| 4- 1040 | 12/31/1996 | 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 | 02/01/1999 | 03/03/2009 | 3310.89 |
| 5- 1040 | 12/31/1999 | 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 | 03/18/2002 | 04/17/2012 | 3044.87 |
| 6- 1040 | 12/31/2000 | 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 | 01/06/2003 | 02/05/2013 | 2710.33 |
| 7- 1040 | 12/31/2002 | 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 | 12/27/2004 | 01/26/2015 | 3565.79 |
| 8-6672 | 03/31/1994 | 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 | 05/29/1995 | N/A | 26780.62 |
| 9-6672 | 09/30/1994 | 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 | 04/03/1995 | N/A | 22006.54 |
| 10-6702 | 12/31/1996 | 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 | 08/03/1998 | 09/02/2008 | 485.75 |
| 11-6702 | 12/31/1998 | 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 | 10/04/1999 | 11/03/2009 | 500.00 |
| 12-6702 | 12/31/2000 | 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 | 12/27/2004 | 01/26/2015 | 1012.00 |
| 13-6702 | 12/31/2001 | 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 | 10/13/2003 | 11/12/2013 | 500.00 |
| 14-6702 | 12/31/2002 | 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 | 11/03/2003 | 12/03/2013 | 500.00 |

Place of Filing

GREENE COUNTY CLERK
GREENE COUNTY
CATSKILL, NY 12414

Total $    116234.42

This notice was prepared and signed at    MANHATTAN, NY    , on this,

the    24th    day of    August    , 2005.

| Signature *[signed]* Susan A. Hansen for KIMBERLY QUANTAS | Title REVENUE OFFICER (518) 427-4184 | 22-01-1423 |
|---|---|---|

(NOTE: Certificate of officer authorized by law to take acknowledgment is not essential to the validity of Notice of Federal Tax lien Rev. Rul. 71-466, 1971 - 2 C.B. 409)

Part 3 - Taxpayer's Copy

Form 668(Y)(c) (Rev. 2-2004)
CAT. NO 60025X

EXHIBIT C

Where's the Treasury Department
Delegation of Authority Order?

What is a Treasury Department Delegation of Authority Order (also called a TDO)? In America, we have a system of law and order. The People delegate powers to the appropriate branch of government, through the Constitution of the United States, and that power is then delegated down to the officer or employee actually exercising the power. Otherwise, there is no authority. Without a valid, properly executed, Delegation of Authority Order, applicable to you, anyone with a badge from a security guard supply house could steal your property and violate your rights.

Always Question Authority!

Billie Murdock of Salt Lake City, a brave female Patriot, has learned to always question authority. She has done a tremendous amount of valuable research on Delegation of Authority.

Billie received a Summons from the IRS. She went to the interview but before she would provide any information she asked, "Before I give you these books and records I would like to see a copy of the Delegation of Authority Order from the Secretary of the Treasury that authorized you to summons me with my books and records.

The meeting was over almost immediately. The IRS stated that they needed to contact their District Counsel. Their, Counsel advised the IRS to re-issue the summons, without acknowledging the existence of a Delegation of Authority Order.

Although there is a legal requirement to maintain all Delegation of Authority Order at the local District IRS office the agents would not provide Billie with a copy of one. The Commerce Clearinghouse Internal Revenue Manuel, Volume 1, states as follows:

"Each regional and district office and service center should maintain at least one complete and annotated file of all Delegations of Authority(s) [DOA] made to such office and by such office."

"Billie Murdock would not be ignored. After not obtaining a copy of the Delegation of Authority Order from her local office, she decided to fly directly to the Department of the Treasury in Washington D.C.. Billie knew the number of the alleged Delegation Order for Summons, which the local IRS would not provide for her, was Treasury Delegation Order No. 150-37 When Billie landed in Washington D.C., she went directly to the Department of the Treasury who sent her to the National IRS office. She told the clerk, "Hi, I'm here to get a copy of Treasury

Delegation Order 150-37." The clerk responded by saying, "No problem, I'll have it for you in a minute." Twenty five minutes later the same clerk returned with no Delegation Order and stated, "Mrs. Murdock, I'm authorized to tell you that the Order does exist but I can't give you a copy or tell you why." Unbelievable but true!

Further, this order has never been published in the Federal Register, pursuant to 44 U.S.C. Sec, 1501. While there is no lawful requirement to publish DOAs for inhabitants of U.S. Territories, all Laws and delegation orders,which are binding upon the Citizens of the 50 Republic states, must be published in the Federal Register and no such Citizen can be adversely affected or bound by an unpublished order. The IRS doesn't want Citizens of the 50 Republic states to see the collection Delegation Orders because they are only applicable in U.S. Territories and tax treaty countries They provide absolutely zero authority in the 50 Republic states!

Treasury Department Order 150-42, dated 7/27/56, 21 Fed. Reg. 5852 delegated the following limited authority to the Commissioner:

"The Commissioner shall, to the extent of the authority vested in him, proved for the administration of United States internal revenue laws in the Panama Canal Zone Puerto Rico the Virgin Islands.~

On Feb. 27, 1986 the Federal Register (51 Fed. Reg. 9571) published the following Treasury Department Order No. 150-01:

'The commissioner shall, to the extent of authority otherwise vested in him, provide for the administration of the United States internal revenue laws in the US. Territories and insular possessions and other authorized areas of the world." [These areas include countries with which the U.S. has Tax Treaties in force and DO NOT include the 50 Republic states.]

Billie Murdock then returned home and wrote up an Affidavit about her meeting with the Clerk at the National IRS Office.

With this ammunition, Billie began to smell fraud and returned to her local IRS office to meet with the same Revenue Agent and his Group Manager. This time she brought a Court Reporter. Again she asked the loaded question, "Do you have the authority to summon me here?" The Revenue agent aggressively responded in a threatening manner, "We sure do!" The Group Manager, however, was cowering and reached over and touched the agent on the shoulder and said, "No we don't." The agent lost his composure and stuttered, "What do you mean, we don't?" "She's right," the manager interrupted, "We don't have the authority to summon her...pardon us for interrupting you Mrs. Murdock, this meeting is over."

The IRS was still not ready to completely give up and the U.S. Attorney tried his luck at intimidating Mrs. Murdock by filing a Petition in District Court in Salt Lake City. Billie filed a Response Brief with supporting evidence that no Delegation of Authority Order,

applicable to her, existed. In less than 36 hours the Government withdrew their Petition and closed the case. Billie had the education and courage to call the bluff of the IRS! :

Following is the source for Paul Harvey's nation-wide announcement that filing a 1040 Form was voluntary.
Conklin v. U.S.A.
FILING A 1040 IS VOLUNTARY
by William T. Conklin, Denver, Colorado

The tenth Circuit Court of Appeals has ruled in Conklin v. U.S.A. (94-1213) that the filing of tax returns is not compelled or required. Their decision is unpublished.

I discovered about fifteen years ago that a mandatory ^requirement to file a 1040 Return would be unconstitutional to the extent that it would require a Citizen to waive their fifth amendment rights

About ten years ago I started offering a $50,000 reward to ^anyone who could show me: (1) What statute in the Internal Revenue Code makes me liable to pay the income tax? (2) How I can file a 1040 Return without waiving my Fifth Amendment Rights?

Although many people have applied for the reward; no one has answered the question. The famous Attorney Melvin Belli applied for the reward and backed down when I explained the law to him. Another man sued me in Federal Court for the reward and I won and got costs against him!

About eight years ago I raised this issued and filed suit in Federal Court. The judge sat on the case for five years before ruling against me. He told me in open court that if he ruled in my favor he would overturn the income tax system.

He ruled that the Fifth Amendment does not apply because filing 1040 returns is not required or compelled! (The opposite of compelled is voluntary.) The Tenth Circuit upheld his decision. I have won six published cases against the IRS. The cites are:

U.S. v. Church of World Peace, 878 F.2d 1281

Tavery v. United States, 897 F. 2d 1032.

Church of World Peace, Inc. v. IRS' 715 F. 2d 492

Conklin v. United States, 812 F.2d 1318



**DEPARTMENT OF THE TREASURY**
**INTERNAL REVENUE SERVICE**
**WASHINGTON, DC 20224**

SMALL BUSINESS / SELF-EMPLOYED DIVISION

Date: February 07, 2005

Trailers, LLC
PO Box 964
Cairo, NY 12413

518-622-3019

—

Dear Sir::

Attached you will find a notice of levy. This levy attaches to rental income due Mr. Ernest Enax, SSN 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. This levy is to be continuous and all future rent payments would be sent to Internal Revenue Service provided your lease agreement is also continuous.

All payments should be sent directly to me and I am enclosing a few envelopes for your convenience. If you run out of these envelopes you may call for more.

If you have any questions or need more information, please contact me at the address or the telephone number listed below:

Internal Revenue Service
9450 Koger Blvd. Rm 201

St Petersburg, FL 33702

Phone#: (727)568-2529
Fax#: 727 566-2495

Sincerely,

*M. Quimby*

Michele Quimby
Revenue Officer
Employee ID#: 5901218

EXHIBIT "D"

02/11/2005  10:43  5106228988          TRAILERS                    PAGE  03

| Form 668-A(ICS) (Jan. 2003) | | Department of the Treasury – Internal Revenue Service **Notice of Levy** | |
|---|---|---|---|

DATE: 02/07/2005

REPLY TO:  **Internal Revenue Service**
    **MICHELE QUIMBY**
    **9450 KOGER BLVD., ROOM 201**
    **ATTN: GROUP 2900 STOP 5229**
    **ST. PETERSBURG, FL 33702-2481**

TELEPHONE NUMBER
OF IRS OFFICE:  **(727)568-2529**

NAME AND ADDRESS OF TAXPAYER:
**ERNEST ENAX**
**6319 12TH ST N**
**ST PETERSBURG, FL 33702-7303**

TO:  **TRAILERS, LLC**
    **PO BOX 964**
    **CAIRO, NY 12413**

IDENTIFYING NUMBER(S):   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

ENAX

THIS IS NOT A BILL FOR TAXES YOU OWE. THIS IS A NOTICE OF LEVY WE ARE USING TO COLLECT MONEY OWED BY THE TAXPAYER NAMED ABOVE.

| Kind of Tax | Tax Period Ended | Unpaid Balance of Assessment | Statutory Additions | Total |
|---|---|---|---|---|
| 1040 | 12/31/1991 | 43110.58 | 25632.53 | 68743.11 |
| 1040 | 12/31/1993 | 11545.30 | 15515.25 | 27060.55 |
| 1040 | 12/31/1995 | 1882.18 | 1292.99 | 3175.17 |
| 1040 | 12/31/1996 | 3310.89 | 1618.96 | 4929.85 |
| CIVPEN | 03/31/1994 | 26780.62 | 28145.32 | 54925.94 |
| CIVPEN | 09/30/1994 | 22206.54 | 23614.11 | 45820.65 |
| CIVPEN | 12/31/1996 | 0.00 | 487.68 | 487.68 |
| CIVPEN | 12/31/1998 | 500.00 | 206.71 | 706.71 |

| THIS LEVY WON'T ATTACH FUNDS IN IRAs, SELF-EMPLOYED INDIVIDUALS' RETIREMENT PLANS, OR ANY OTHER RETIREMENT PLANS IN YOUR POSSESSION OR CONTROL, UNLESS IT IS SIGNED IN THE BLOCK TO THE RIGHT. ⇒ | Total Amount Due | 205849.66 |
|---|---|---|

We figured the interest and late payment penalty to  **03-09-2005**

    The Internal Revenue Code provides that there is a lien for the amount that is owed. Although we have given the notice and demand required by the Code, the amount owed hasn't been paid. This levy requires you to turn over to us this person's property and rights to property (such as money, credits, and bank deposits) that you have or which you are already obligated to pay this person. However, don't send us more than the "Total Amount Due."

    Money in banks, credit unions, savings and loans, and similar institutions described in section 408(n) of the Internal Revenue Code **must be held for 21 calendar days** from the day you receive this levy before you send us the money. Include any interest the person earns during the 21 days. Turn over any other money, property, credits, etc. that you have or are already obligated to pay the taxpayer, when you would have paid it if this person asked for payment.

    Make a reasonable effort to identify all property and rights to property belonging to this person. At a minimum, search your records using the taxpayer's name, address, and identifying number(s) shown on this form. Don't offset money this person owes you without contacting us at the telephone number shown above for instructions. You may not subtract a processing fee from the amount you send us.

To respond to this levy —
  1. Make your check or money order payable to United States Treasury.
  2. Write the taxpayer's name, identifying number(s), kind of tax and tax period shown on this form, and "LEVY PROCEEDS" on your check or money order (not on a detachable stub.).
  3. Complete the back of Part 3 of this form and mail it to us with your payment in the enclosed envelope.
  4. Keep Part 1 of this form for your records and give the taxpayer Part 2 within 2 days.

If you don't owe any money to the taxpayer, please complete the back of Part 3, and mail that part back to us in the enclosed envelope.

| Signature of Service Representative **MICHELE QUIMBY** *M. Quimby* | Title **REVENUE OFFICER** |
|---|---|

Part 1 –   For Addressee          Catalog No. 36389E   www.irs.gov          Form 668-A(ICS) (1-2003)

**EXHIBIT D**

**NOTICE TO IRS AGENT**

**The Affidavit of Authority follows. Please return the completed affidavit to Ernest Enax by certified mail within 14 days.**

**In the event that the IRS agent fails to show his/her authority or refuses to respond, it will be considered as prima facie evidence that such agent does not has the required authority in law, and will be used against such agent in US District Court.**

**Notice To IRS Agent**

**Please fill out the following Affidavit and return by certified mail to Ernest Enax, 6319 12th St North, St. Petersburg, Fl., 33702 within 15 days. You may fill out only those items that you are prepared to swear to or affirm. You may refuse to swear to or affirm certain items by drawing a line through the items and initialing those items in the margin.**

## Affidavit of Authority

**I am an authorized Internal Revenue Service agent and I hereby swear to, or affirm, the following statements:**

**I understand that Ernest Enax  is a citizen of Florida and the United States and is not engaged in a corporate activity and is not liable for the income tax under the corporate income (excise) tax.**

**Ernest Enax is liable for the individual income tax, that is a direct tax on Ernest Enax's property (wages), levied without the Apportionment provision of the US Constitution.**

**The Notice of Levy is enabled by an actual existing levy, that I have examined and hereby certify its existence, on the property of Ernest Enax.**

**The Notice of Lien is enabled by an actual existing lien, that I have examined and hereby certify its existence, on the property of Ernest Enax.**

**The IRC statute and regulation that makes Ernest Enax liable for an individual income tax is the Internal Revenue Code, section _____, paragraph(s) _____ and regulation number _____, paragraph _____ of the Code of Federal Regulations, Title 26.**

**I certify that I am duly delegated to <u>issue</u> Notices of Lien and Levy by Delegation Order number _____ from the Secretary.**

**IRC section 7608 or section _____ authorizes agents with my title to perform collection actions under subtitle A and C.**

**IRC section 7608 or section _____ authorizes agents with my title to perform collection actions under Title 26.**

**26 USC 6331 and 6321 are enacted into positive law and are listed as public laws under Statutes At Large.**

**10)                                                    My  Pocket  Commission  Authority authorizes enforcement actions to be carried out by myself.**

**11)                                                    I further certify that the IRS is acting under all lawful and correct collection procedures in the demands made on Ernest Enax by the IRS.**

**I declare under the penalty of perjury and under the laws of the United States that the foregoing statements are true and correct, except for the statements that I have specifically lined out and initialed in the margin.**

**IRS Agent Signature** _____ **Date:** _____

**Printed Name of IRS Agent** _____

**Agent's Employee Number** _____

**Agent's Title** _____

**Agent's IRS Division Name** _____

**Witness Signature and Printed Name** _____

### Notices of non-compliance

Notice is hereby given that if you fail to produce the number of the Delegation Order from the Secretary that delegates you to take action against me under subtitle A or C, your failure to do so shall be construed as prima facie evidence that no such delegation order exists and shall create the legal presumption or conclusion that you are acting without the necessary delegation authorities from the Secretary and are acting under "color of law".

Notice is hereby given that if you and/or an authorized agent fails to fill out the requested Affidavit of Authority and fails to return the requested Affidavit to Ernest Enax by certified mail within 15 working days, your failure to do so shall be construed as prima facie evidence that you and/or your agents are unable or unwilling to swear to or affirm any of the above statements and are attempting to conceal evidence that may incriminate you and/or your agents as acting without the authority of law and under pretense of law and shall create the legal presumption or conclusion that you and/or your agents are engaged in an extortion scheme against Ernest Enax.

Notice is hereby given that if you fail to produce an IRC section number that specifically authorizes you or any other agent by title, whoever fills out the Affidavit, to act under subtitle A or C, your failure to do so shall be construed as prima facie evidence that no such statutory authority exists and shall create the legal presumption or conclusion that you or the agent is acting without the necessary statutory authority and are committing fraud and/or extortion.

Notice is hereby given that if you fail to provide a copy of the Oath of Office, duly taken and on file, for the agents who fill out the Affidavit of Authority requested, your failure to do so shall be construed as prima facie evidence that it does not exist and shall create the legal presumption or conclusion that the agent has not taken his/her Oath of Office and has not filed it according to the requirements of law and that the same mentioned agents are acting without the authority of law and in violation thereof.

Important Court Rulings:

Federal Trade Commission v. Raladam Co., 283 U.S. 643, 51 S.Ct. 587 (1931):

"Official powers cannot be extended beyond the terms and necessary implications of the grant. If broader powers be desirable, they must be conferred by Congress. They cannot be merely assumed by administrative officers; nor can they be created by the courts in the proper exercise of their judicial functions," 283 U.S., at 649.

State ex rel McConnell v. First State Bank, 22 Tenn. App. 577, 124 S.W.2d 726, 733 (1938): Bank insolvency case:

"All persons dealing with public officers are bound to take notice of the law prescribing their authority and powers."

Continental Casualty Co. v. United States, 113 F.2d 284 (5th Cir. 1940):

"Public officers are merely the agents of the public, whose powers and authority are defined and limited by law. Any act without the scope of the authority so defined does not bind the principal, and all persons dealing with such agents are charged with knowledge of the extent of their authority," 113 F.2d, at 286.

Department of Ins. of Indiana v. Church Members Relief Ass'n., 217 Ind. 58, 26 N.E.2d 51 (1940):

"When the right to do a thing depends upon legislative authority, and the Legislature has failed to authorize it, or has forbidden it, no amount of acquiescence, or consent, or approval of the doing of it by a ministerial officer, can create a right to do the thing which is unauthorized or forbidden," 26 N.E.2d, at 52.

United States v. Hawthorne, 31 F.Supp. 827, 829 (N.D. Tex. 1940):

"A regulation dies with the statute from which it gains its life."

Quaker Oats Co. v. Fed. Security Administrator, 129 F.2d 76, 80 (7th Cir. 1942), reversed on other grounds at 318 U.S. 218, 63 S.Ct. 589 (1943):

"We assume there could be no dissent from the proposition that an administrative agency has only such authority in the administration of a Congressional enactment as is expressly conferred, or as may be reasonably implied."

NRS 68.030 Execution may issue on entry of judgment on docket of justice of the peace. From the time of entry of judgment on the docket of the justice of the peace, execution may be issued thereon by the justice of the peace to the sheriff of any county in the state, in the same manner and with like effect as if issued on a judgment of the district court.

[1911 CPA § 839; RL § 5781; NCL § 9328]—(NRS A 1969, 183)

III

NRS 68.040 Judgment becomes lien when abstract recorded with county recorder. A judgment rendered in a justice's court creates no lien upon any lands of the Michele Quimby, unless an abstract is recorded in the office of the county recorder of the county in which the lands are situated. When so recorded and from the time of the recording, the judgment becomes a lien upon all the real property of the judgment debtor, not exempt from execution, in the county, owned by him at the time, or which he acquires before the lien expires. The lien continues for 6 years, unless the judgment is previously satisfied.

[1911 CPA § 840; RL § 5782; NCL § 9329]—(NRS A 1985, 741; 2001, 1750)

NRS 68.050 Judgments by confession. Judgments upon confession may be entered up in any justice's court specified in the confession.

[1911 CPA § 829; RL § 5771; NCL § 9318]

To begin, see Sniadach v. Family Finance Corp. of Bay View, (1969) 395 U.S. 337, to verify that garnishment without a judgment from a court of competent jurisdiction is bogus to begin with unless someone consents to administrative garnishment. See United States v. Buena Vista [property] (1993), 507 U.S. 111, to verify that a government claim is inchoate (unperfected, i.e., unenforceable) until there is a judgment to perfect the claim. Additionally, state law governs property and property rights, and most state codes specify that there must be a judgment to execute garnishment. Also see United States v. Lovett, 328 U.S. 303. Whenever a statute supposes to compromise life, liberty or property without judicial due process, it is a bill of attainder, which is strictly prohibited by the Constitution. The Sniadach decision describes wages as property. In Oklahoma, any garnishment other than for child support is limited to 25% of net or disposable income. State law governs property and property rights.

IV

*Youngblood v. United States*, 141 F.2d 912 (6th Cir. 1944): Action to compel recorder of deeds to file notices according to law as required by their ministerial Office.

> *"[T]he authority of ministerial officers is to be strictly construed as including only such powers as are expressly conferred, or necessarily implied,"* **141 F.2d, at 913.**

Sincerely,
All Rights Received

Ernest Enax

Dated; **5/1/06**

Enclosures include: Administrative Notice letter, Court Rulings, and Notices of Non-compliance, Affidavit of Authority to be filled out and returned within 15 working days to Ernest Enax by certified mail.

Notary: Ernest Enax has presented me with this 68 page document and 2 copies, the copies to be retained by Ernest Enax as proof of the contents of the original document.

My commission expires;

Maureen A. King
Maureen A. King
Notary

MAUREEN A. KING
MY COMMISSION # DD 475164
EXPIRES: October 9, 2009
Bonded Thru Notary Public Underwriters

v

**Internal Revenue Service**
9450 KOGER BLVD., ROOM 201
ATTN: GROUP 2900 STOP 5229
ST. PETERSBURG, FL 33702-2481

**Department of the Treasury**

Letter Number: 3174 (P)

Letter Date:
   11/29/2004
Social Security or
Employer Identification Number
   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
IRS Employee to Contact:
   MICHELE QUIMBY
Employee Identification Number:
   59-01218
Contact Telephone Number:
   (727)570-5500x309

ERNEST ENAX
6319 12TH ST N
ST PETERSBURG, FL 33702-7303

Although we previously sent you a notice of our intention to collect your unpaid tax through enforced collection, our records show that you still have not paid the amount you owe. Enforced collection may include placing a levy on your bank accounts, wages, receivables, commissions, etc. It could also involve seizing and selling your property, such as real estate, vehicles, or business assets.

To prevent collection action, please pay the amount you owe, now. Make your check or money order payable to the United States Treasury, and write your social security number or employer identification number on it. Send your payment to us in the enclosed envelope with a copy of this letter. **The amount you owe is shown on the next page.**

If you recently paid this or if you can't pay it, call as soon as you get this letter. Our telephone number is at the top of this letter. If you disagree with our taking enforcement action, you may be able to work out another solution. Speak to the person whose name appears at the top of this letter, or ask for that person's manager. If you do not agree with the results, you may fill out Form 9423, Collection Appeals Request, to ask for Appeals consideration.

The unpaid amount from prior notices may include tax, penalties, and interest you still owe. It also includes credits and payments we have received since our last notice to you.

**Interest - Internal Revenue Code Section 6601**
We charge interest when your tax is not paid on time. Interest is computed from the due date of your return (regardless of extensions) until paid in full or to the date of this notice.

Interest is also charged on penalties assessed on your account. Interest compounds daily except on underpaid estimated taxes for individuals or corporations.

**Paying Late - Internal Revenue Code Section 6651(a)(2)**
We charge a penalty when your tax is not paid on time. Initially, the penalty is ½% of the unpaid tax for each month or part of a month the tax was not paid.

If you have any questions about your account or would like a further detailed explanation of the penalty and interest charges on your account, please call me at the telephone number shown above.

Sincerely yours,

M. Quimby

MICHELE QUIMBY
REVENUE OFFICER

Page 1

Number of this letter: 3174
Date of this letter: 11/29/2004
Taxpayer Identification Number: 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

## The amount you owe is:

| Form Number | Tax Period | Unpaid Amount from Prior Notices | Additional Penalty | Additional Interest | AMOUNT YOU OWE |
|---|---|---|---|---|---|
| 1040 | 12/31/1991 | $46662.07 | $3068.05 | $21903.93 | $71634.05 |
| 1040 | 12/31/1993 | $11545.30 | $2255.00 | $13023.57 | $26823.87 |
| 1040 | 12/31/1995 | $1882.18 | $372.60 | $893.65 | $3148.43 |
| 1040 | 12/31/1996 | $3310.89 | $0.00 | $1571.91 | $4882.80 |
| CIVPEN | 03/31/1994 | $26780.62 | $0.00 | $27621.24 | $54401.86 |
| CIVPEN | 09/30/1994 | $22006.54 | $0.00 | $23376.89 | $45383.43 |
| CIVPEN | 12/31/1996 | $0.00 | $0.00 | $483.04 | $483.04 |
| CIVPEN | 12/31/1998 | $500.00 | $0.00 | $199.97 | $699.97 |
| CIVPEN | 12/31/2000 | $512.00 | $0.00 | $78.78 | $590.78 |

Total: $208048.23

Page 2

*Ernest Enax*
**6319 12th Street North**
**St. Petersburg, FL 33702**

To:    Michele Quimby
        Internal Revenue Service
        9450 Koger Blvd. Room 201
        St. Petersburg, FL 33702

**CERTIFIED MAIL:**


**NOTIFICATION OF LACK OF JURISDICTION IN PUBLIC SECTOR**


Michele Quimby,

      This is response to the letter you sent dated 11/29/2004.  This response will put you on notice of your lack of jurisdiction over me and the public sector.  Since, you continue to hide behind a position and employment and probably a fake name of the Internal Revenue Service and continue to violate the laws of this country I am hereby putting you on notice with the attached "Public Notice" of the these violations.  If you continue with your illegal actions, I will, eventually, get you personally into court, no matter how many times it takes me.  I have also filed a complaint with the Inspector Generals office over your conduct and blatant disregard of the laws.

Ernest Enax

ATTACHMENTS;
"Public Notice" a memorandum written by Dan Meador
Your letter of 11/29/2004

# Public Notice

*A memorandum by Dan Meador*

**[This article concerns the legitimacy and character of the Internal Revenue Service and the federal income tax.]**

This memorandum will be construed to comply with provisions necessary to establish presumed fact (Rule 301, Federal Rules of Civil Procedure, and attending State rules) should interested parties fail to rebut any given allegation or matter of law addressed herein. The position will be construed as adequate to meet requirements of judicial notice, thus preserving fundamental law. Matters addressed herein, if not rebutted, will be construed to have general application. A true and correct copy of this Public Notice is on file with and available for inspection at the newspaper responsible for publishing the instrument as legal notice. The memorandum addresses the character of the Internal Revenue Service and other agencies of the Department of the Treasury, and legal application of the Internal Revenue Code.

## 1. IRS Identity & Principal of Interest

In 1953, the Internal Revenue Service was created by the stroke of a pen when the Secretary of the Treasury changed the name of the Bureau of Internal Revenue (T.O. No. 150-29, G.M. Humphrey, Secretary of the Treasury, July 9, 1953). However, no congressional or presidential authorization for making this change has been located, so the source of authority had to originate elsewhere. Research to which IRS officials have acquiesced suggests that the Secretary exercised his authority as trustee of Puerto Rico Trust #62 (Internal Revenue) (see 31 USC § 1321), and as will be demonstrated, the Secretary does, in fact, operate as Secretary of the Treasury, Puerto Rico.

The solid link between the Internal Revenue Service and the Department of the Treasury, Puerto Rico, was first published in the September 1995 issue of Veritas Magazine, based on research by William Cooper and Wayne Bentson, both of Arizona. In October, a criminal complaint was filed in the office of W. A. Drew Edmondson, attorney general for Oklahoma, against an Enid-based revenue officer, and in the time since, IRS principals have failed to refute the allegation that IRS is an agency of the Department of Treasury, Puerto Rico. In November, criminal complaints were filed simultaneously with the grand jury for the United States district court for the District of Northern Oklahoma, Tulsa, and the office of Attorney General Edmondson, and both the office of the United States Attorney and IRS principals have yet to rebut the allegations in that instance (UNITED STATES OF AMERICA vs. Kenney F. Moore, et al, 95 CR-129C).

By consulting the index for Chapter 3, Title 31 of the United States Code, one finds that IRS and the Bureau of Alcohol, Tobacco and Firearms are not listed as agencies of the United States Department of the Treasury. The fact that Congress never created a "Bureau of Internal Revenue" is confirmed by publication in the Federal Register at 36 F.R. 849-890 [C.B. 1971 - 1,698], 36 F.R. 11946 [C.B. 1971 - 2,577], and 37 F.R. 489-490; and in Internal Revenue Manual 1100 at 1111.2.

Implications are condemning both to IRS and third parties who knowingly participate in IRS-initiated scams: No legitimate authority resides in or emanates from an office which was not legitimately created and/or ordained either by state or national constitutions or by legislative enactment. See variously, United States v. Germane, 99 U.S. 508 (1879), Norton v. Shelby County, 118 U.S. 425, 441, 6 S.Ct. 1121 (1866), etc., dating to Pope v. Commissioner, 138 F.2d 1006, 1009

(6th Cir. 1943); where the state is concerned, the most recent corresponding decision was State v. Pinckney, 276 N.W.2d 433, 436 (Iowa 1979).

Another direct evidence of the fraud is found at 27 CFR § 1, which prescribes basic requirements for securing permits under the Federal Alcohol Administration Act. The problem here is that Congress promulgated the Act in 1935, and the same year, the United States Supreme Court declared the Act unconstitutional. Administration of the Act was subsequently moved offshore to Puerto Rico, along with the Federal Alcohol Administration, and operation eventually merged with the Bureau of Internal Revenue, Puerto Rico, which until 1938, along with the Bureau of Internal Revenue, Philippines, created by the Philippines provisional government via Philippines Trust #2 (internal revenue) (see 31 USC § 1321 for listing of Philippines Trust #2 (internal revenue)), administered the China Trade Act (licensing & revenue collection relating to opium, cocaine & citric wines). This line will be resumed after examining additional evidences concerning IRS and Commissioner of Internal Revenue authority.

Further verification that IRS does not have lawful authority in the several States is found in the Parallel Table of Authorities and Rules, beginning on page 751 of the 1995 Index volume to the Code of Federal Regulations. It will be found that there are no regulations supportive of 26 USC §§ 7621, 7801, 7802 & 7803 (these statute listings are absent from the table). In other words, no regulations have been published in the Federal Register, extending authority to the several States and the population at large, (1) to establish revenue districts within the several States, (2) extending authority of the Department of the Treasury [Puerto Rico] to the several States, (3) giving authority to the Commissioner of Internal Revenue and assistants within the several States, or (4) extending authority of any other Department of Treasury personnel to the several States.

Authority of the Internal Revenue Service, via the Commissioner of Internal Revenue, is convoluted in regulations, but makes an amount of sense by citing various regulations pertaining to the Service and application of the Commissioner's authority. General procedural rules at 26 CFR § 601.101(a) provide a beginning-point:

> (a) General. The Internal Revenue Service is a bureau of the Department of the Treasury under the immediate direction of the Commissioner of Internal Revenue. The Commissioner has general superintendence of the assessment and collection of all taxes imposed by any law providing internal revenue. The Internal Revenue Service is the agency by which these functions are performed...

The fact that there are no regulations extending Commissioner of Internal Revenue, or Department of the Treasury authority to the several States (26 USC § 7802(a)), has greater clarity in the light of the general merging of functions between IRS and other agencies presently attached to the Department of the Treasury. The Commissioner is given responsibility for issuing rules and regulations for the Code at 26 CFR § 301.7805-1, with approval of the Secretary, but there are no cites of authority for this CFR subpart, whether Treasury Order, publication in the Federal Register, or even statute cite. In other words, there is no actual or effective delegation which vests the Commissioner with significant independent authority which might be conveyed to IRS, BATF, Customs or any other Department of the Treasury agency with respect to powers extending to or affecting the several States and the population at large.

The link between IRS and the Bureau of Alcohol, Tobacco and Firearms is significant as the tie with the Bureau of Internal Revenue, Department of the Treasury, Puerto Rico, is through this door. Reorganization Plan No. 3 of 1940, Section 2, made the following change:

§ 2. Federal Alcohol Administration
The Federal Alcohol Administration, the offices of the members thereof, and the office of the Administrator are abolished, and their function shall be administered under the direction and supervision of the Secretary of the Treasury through the Bureau of Internal Revenue in the Department of the Treasury.

Again, the Federal Alcohol Administration Act of 1935 was declared unconstitutional in 1935, and the operation thereafter transferred off shore to Puerto Rico. The name of the Bureau of Internal Revenue was changed to the Internal Revenue Service in 1953 (cite above), then the Bureau of Alcohol, Tobacco and Firearms, a division of the Internal Revenue Service, was seemingly separated from IRS (T.O. 120-01, June 6, 1972). In relevant part, the order reads as follows:

1. The purpose of this order is to transfer, as specified herein, the functions, powers and duties of the Internal Revenue Service arising under law relating to Alcohol, Tobacco, Firearms and Explosives including the Alcohol, Tobacco, and Firearms division of the Internal Revenue Service, to the Bureau of Alcohol, Tobacco and Firearms herein after referred to as the Bureau which is hereby established. The Bureau shall be headed by the Director of the Alcohol, Tobacco and Firearms herein referred to as the Director...

2. The Director shall perform the functions, exercise the powers and carry out the duties of the Secretary and the administration and the enforcement of the following provisions of law:

A. Chapters 51 and 52 and 53 of the Internal Revenue Code of 1954 and Section 7652 and 7653 of such code insofar as they relate to the commodity subject to tax under such chapters.

B. Chapter 61 to 80 inclusive to the Internal Revenue Code of 1954 insofar as they relate to activities administered and enforced with respect to chapters 51, 52, 53. (emphasis added)

Transfer of functions and duties of IRS to BATF relative to Internal Revenue Code Subtitle F (chapters 61 to 80) is important where the instant matter is concerned as the only regulations published in the Federal Register applicable to the several States are under 27 CFR, Part 70 and other parts of this title relating exclusively to alcohol, tobacco and firearms matters. However, the charade doesn't end there. In Reorganization Plan No. 1 of 1965 (5 USC § 903), the original Bureau of Customs, created by Act of Congress in 1895, was abolished and merged under the Secretary of the Treasury.

In a Treasury Order published in the Federal Register of December 15, 1976, the Secretary of the Treasury used something of a slight of hand to confuse matters more by determining, "The term Director, Alcohol, Tobacco, and Firearms has been replaced with the term Internal Revenue Service."

Obviously, it is impossible to replace a person with a thing when it comes to administrative responsibility. However, the order demonstrates that IRS and BATF are one and the same, merely operating with interchangeable hats. Therefore, definitions and designations applicable to one are applicable to the other.

In definitions at 27 CFR § 250.11, the following provisions are found:

Revenue Agent. Any duly authorized Commonwealth Internal Revenue Agent of the Department of the Treasury of Puerto Rico.

Secretary. The Secretary of the Treasury of Puerto Rico.

Secretary or his delegate. The Secretary or any officer or employee of the Department of the Treasury of Puerto Rico duly authorized by the Secretary to perform the function mentioned or described in this part.

In the absence of any other definition describing revenue officers and agents, the Secretary, or the Department of the Treasury, definitions above are uniformly applicable to all IRS and BATF departments, functions and personnel. In fact, it will be found that even petroleum tax prescribed in Subtitle D of the Internal Revenue Code applies only to United States territorial jurisdiction exclusive of the several States and to imported petroleum. BATF has authority only with respect to firearms, munitions, etc., produced outside the several States and the first sale of imports.

The two delegations of authority to the Commissioner of Internal Revenue thus far located tend to reinforce conclusions set out above. Treasury Department Order No. 150-42, dated July 27, 1956, appearing in at 21 Fed. Reg. 5852, specifies the following:

The Commissioner shall, to the extent of the authority vested in him, provide for the administration of United States internal revenue laws in the Panama Canal Zone, Puerto Rico and the Virgin Islands.

On February 27, 1986 (51 Fed. Reg. 9571), Treasury Department Order No. 150-01 specified the following:

The Commissioner shall, to the extent of authority otherwise vested in him, provide for the administration of the United States internal revenue laws in the U.S. Territories and insular possessions and other authorized areas of the world.

To date only three statutes in the Internal Revenue Code of 1986, as currently amended, have been located that specifically reference the several States, exclusive of the federal States (District of Columbia, Puerto Rico, Guam, the Virgin Islands, etc.): 26 USC §§ 5272(b), 5362(c) & 7462. The first two provide certain exemptions to bond and import tax requirements relating to imported distilled spirits for governments of the several States and their respective political subdivisions, and the last provides that reports published by the United States Tax Court will constitute evidence of the reports in courts of the United States and the several States. None of the three statutes extend assessment or collections authority for IRS or BATF within the several States.

IRS is contracted to provide collection services for the Agency for International Development, and case law demonstrates that the true principals of interest are the International Monetary Fund and the World Bank (Bank of the United States v. Planters Bank of Georgia, 6 L.Ed (Wheat) 244; U.S. v. Burr, 309 U.S. 242; see 22 USCA § 286, et seq.). In other words, IRS seemingly provides collection services for undisclosed foreign principals rather than collecting internal revenue for the benefit of constitutional United States government operation. To date, IRS principals have failed to dispute the published Cooper/Bentson allegation that the agency, via these foreign principals, funded the enormous tank and military truck factory on the Kama River, Russia.

The Internal Revenue Service, a foreign entity with respect to the several States, is not registered to do business in the several States.

## 2. Preservation of Due Process Rights

The Internal Revenue Service has for years been protected by statutory courts both of the United States and the several States, with the latter operating in the framework of adopted uniform laws which ascribe a federal character to the several States. Both operate under the presumption of Congress' Article IV jurisdiction within the geographical United States (the District of Columbia, Puerto Rico, etc.), both accommodate private international law under exclusively United States treaties on private international law, and both operate in the framework of admiralty rules to impose Civil Law (see both majority & dissenting opinions variously, Bennis v. Michigan, U.S. Supreme Court No. 94-8729, March 4, 1996) , which is repugnant to both state and national constitutions (see authority of Department of Justice as representative of the "Central Authority" established by U.S. treaties on private international law at 28 CFR § 0.49; also, "conflict of law" as a subcategory to "statutes" in American Jurisprudence). However, this house of cards will shortly fall as Cooperative Federalism, known as Corporatism well into the 1930s, has been thoroughly documented and is rapidly being exposed via state and United States appellate courts and in public forum.

In reality, the Internal Revenue Code preserves due process rights, but the statute has been dormant until recently:

> [Sec. 7804(b)]
> (b) PRESERVATION OF EXISTING RIGHTS AND REMEDIES. - Nothing in Reorganization Plan Numbered 26 of 1950 or Reorganization Plan Numbered 1 of 1952 shall be considered to impair any right or remedy, including trial by jury, to recover any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority, or any sum alleged to have been excessive or in any manner wrongfully collected under the internal revenue laws. For the purpose of any action to recover any such tax, penalty, or sum, all statutes, rules, and regulations referring to the collector of internal revenue, the principal officer for the internal revenue district, or the Secretary, shall be deemed to refer to the officer whose act or acts referred to in the preceding sentence gave rise to such action. The venue of any such action shall be the same as under existing law.

The reorganization plans of 1950 & 1952 were implemented via the Internal Revenue Code of 1954, Volume 68A of the Statutes at Large, and codified as title 26 of the United States Code. Savings statutes have been in place since the beginning, but generally not understood by the general population or the legal profession. The statute set out above is easier to comprehend when references are consolidated. Further, the dependent clause "including trial by jury" relates to a constitutionally-assured right, not a remedy, so it should be moved to the proper location in the sentence. Finally, the matter of venue is important as "existing law" is constitutional and common law indigenous to the several States. In the absence of legitimate federal law which extends to the several States, those who operate under color of law, engage in oppression, extortion, etc., are subject to the foundation law of the States. Venue is determined by the law of legislative jurisdiction.

Citing "including trial by jury" preserves the full slate of due process rights included in Fourth, Fifth, Sixth, Seventh and Fourteenth Amendments to the Constitution for the united States of

America and corresponding provisions in constitutions of the several States. The example represents the class.

Additionally, note that, (1) actions may issue against bogus assessments as well as collections, and (2) § 7804(b), unlike § 7433, does not presume that the complaining party is a "taxpayer". Finally, there is 26 CFR, Part 1 regulatory support for § 7804 where there are no regulations published in the Federal Register in support of § 7433 (see Parallel Table of Authorities and Rules, beginning on page 751 of the Index volume to the Code of Federal Regulations). Therefore, § 7804(b) preserves rights and determines the nature of civil actions for remedies in the several States. When straightened out, applicable portions of § 7804(b) read as follows:

> Nothing in [the Internal Revenue Code] shall be considered to impair any right, [including trial by jury], or remedy, [***], to recover any internal revenue tax alleged to have been erroneously or illegally assessed or collected ... The venue of any such action shall be the same as under existing law.

The necessity of due process is implicitly preserved by 28 USC § 2463, which stipulates that any seizure under United States revenue laws will be deemed in the custody of the law and subject solely to disposition of courts of the United States with proper jurisdiction. In other words, even if IRS had legitimate authority in the several States, the agency would of necessity have to file a civil or criminal complaint prior to garnishment, seizure or any other action adversely affecting the life, liberty or property of any given person, whether a Fourteenth Amendment citizen-subject of the United States or a Citizen principal of one of the several States. Due process assurances in the Fifth and Fourteenth Amendments do not equivocate - administrative seizures without due process can be equated only to tyranny and barbarian rule. Further, even regulations governing IRS conduct acknowledge and therefore preserve Fifth Amendment assurances at 26 CFR § 601.106(f)(1).

> (1) Rule I. An exaction by the U.S. Government, which is not based upon law, statutory or otherwise, is a taking of property without due process of law, in violation of the Fifth Amendment to the U.S. Constitution. Accordingly, an Appeals representative in his or her conclusions of fact or application of the law, shall hew to the law and the recognized standards of legal construction. It shall be his or her duty to determine the correct amount of the tax, with strict impartiality as between the taxpayer and the Government, and without favoritism or discrimination as between taxpayers.

Even officers, agents and employees of United States agencies are assured due process where garnishment is concerned (5 USC § 5520a), so the notion that IRS has authority to execute garnishment and other seizures via the private sector without due process is clearly absurd. In the English-American lineage, due process has always been deemed to mean trial by jury under rules of the common law indigenous to the several States; the de jure people of America are not subject to admiralty or administrative tribunals.

Where officers, agents and employees of the Internal Revenue Service are concerned, there can be no plea of ignorance concerning the necessity of due process as the Handbook for Revenue Agents, at paragraph 332: (1), provides the following:

> During the course of administratively collecting a tax, an occasion may arise where service of a levy or a notice of levy is not adequate to seize the property of a taxpayer. It cannot be emphasized too strongly that constitutional guarantees and individual rights must not be violated. Property should not be forcibly removed from the person of the taxpayer. Such

conduct may expose a revenue officer to an action in trespass, assault and battery, conversion, etc.

The provision acknowledges the Supreme Court decision in <u>Larson v. Domestic and Foreign Commerce Corp.</u> 337 U.S. 682 (1949).

In sum, the mandate for due process, meaning initiatives through judicial courts with proper jurisdiction, is clearly antecedent to imposition of administratively-issued liens, except where licensing agreements obligate assets, or seizures, whether by garnishment, attachment of bank accounts, administrative seizure and sale of real or private property, or any other initiative that compromises life, liberty or property.

### 3. Current Internal Revenue Code & Internal Revenue Code of 1939 Are Same

Consult 26 USC §§ 7851 & 7852 to verify that the Internal Revenue Code of 1954, as amended in 1986 and since, simply reorganized the Internal Revenue Code of 1939. Read § 7852(b) & (c), then read the balance of §§ 7851 & 7852 for best comprehension.

The importance of making this connection rests on the fact that the Internal Revenue Code of 1939 was merely codification of the Public Salary Tax Act of 1939. There was no general income tax levied against the population at large in 1939 or since. The Public Salary Tax Act of 1939, which in the Internal Revenue Code of 1939 incorporated the Social Security tax activated after 1936, was premised on the notion that working for federal government is a privilege. Income and related taxes prescribed in Subtitles A & C of the current Internal Revenue Code have never been mandatory for anyone other than officers, agents and employees of the United States, as identified at 26 USC § 3401(c), and agencies of the United States, identified at § 3401(d), particularized at 5 USC §§ 102 & 105.

The privilege tax is an excise rather than direct tax - the Sixteenth Amendment, fraudulently promulgated in 1913, did not alter or repeal constitutional provisions which require all direct taxes to be apportioned among the several States (Constitution, Article I §§ 2.3 & 9.4). In <u>Eisner v. Macomber</u>, 252 U.S. 189 (1918), <u>Coppage v. Kansas</u>, 236 U.S. 1, and numerous decisions since, the United States Supreme Court has repeatedly affirmed that for purposes of income tax, wages and other returns from enterprise of common right are property, not income. In fact, returns from enterprise of common right are fundamental to all property, and the sanctity is preserved as a fundamental common law principle dating to signing of the Magna Charta in 1215.

The nature of Subtitles A & C taxes is revealed at 26 CFR § 31.3101-1: "The employee tax is measured by the amount of wages received after 1954 with respect to employment after 1936..."

In other words, the wage is not the object, but merely the measure of the tax. This verbiage constitutes so much legalese in an effort to circumvent the duck test, but the fact that taxes collected by the Internal Revenue Service fall into the excise category was confirmed by the Comptroller General's report following the initial effort to audit IRS (GAO/T-AIMD-93-3). It is further suggested at 26 CFR § 106.401(a)(2), where the regulation concedes that, "The descriptive terms used in this section to designate the various classes of taxes are intended only to indicate their general character..."

By referencing the Parallel Table of Authorities and Rules, cited above, it is found that the definition of "gross income" is still preserved in Section 22 of the Internal Revenue Code of 1939, thus cementing the link between the Code of 1939 and Subtitles A & C of the Code of 1954, as

amended in 1986 and since. The Internal Revenue Code of 1939 merely codified the Public Salary Tax Act of 1939. This link is further confirmed in Senate Committee On Finance and House Committee On Ways and Means reports No. H.R. 8300 (1954, Internal Revenue Code), in which § 22 of the Internal Revenue Code of 1939 and § 61 of the Internal Revenue Code of 1954 (current code) were solidly linked. Both reports stipulate that the current definition of "gross income" is intended to be constitutional.

This intent is articulated at 26 CFR § 1.61-1(a): "Gross income means all income from whatever source derived, unless excluded by law."

An "Act of Congress" is policy, not law, and per definition located in Rule 54, Federal Rules of Criminal Procedure, has only local application in the District of Columbia and other United States territories and insular possessions unless general application is manifestly expressed: Rule 54(c) - "'Act of congress' includes any act of Congress locally applicable to and in force in the District of Columbia, in Puerto Rico, in a territory or in an insular possession."

Where the Internal Revenue Code of 1954 is concerned (Vol. 68A, Statutes at Large, p. 3), the legislation is in fact styled, "An Act" "To revise the internal revenue laws of the United States."

As demonstrated above, wages and other returns from enterprise of common right are exempt from direct tax by fundamental law, and the regulation for the current Internal Revenue Code definition for "gross income" clearly articulates the fundamental law exemption.

The exemption as it pertains to the several States is demonstrated by referencing the Parallel Table of Authorities and Rules (Index volume to the CFR, p. 751 of the 1995 edition): There are 26 CFR, Part 1 regulations listed for 26 USC §§ 61 & 62, the latter being the definition for adjusted gross income, but there is no 26 CFR, Part 1 or 31 regulation for 26 USC § 63, the definition for taxable income.

While definitions for gross and adjusted gross income are clearly antecedent to the definition of taxable income, they have no legal effect if there is no taxing authority - adjusted gross income which is not taxable within the several States is of no consequence where the federal tax system is concerned.

Further, on examination of 26 CFR § 1.62-1, pertaining to "adjusted gross income", it is found that subsections (a) & (b) are reserved so the published regulation is incomplete, with "temporary" regulation § 1.62-1T serving as the current authority defining "adjusted gross income." Temporary regulations have no legal effect.

Definitions at § 3401, Vol. 68A of the Statutes at Large (the Internal Revenue Code of 1954), make it clear that, (§ 3401(a)(A)), "a resident of a contiguous country who enters and leaves the United States at frequent intervals…," is a nonresident alien of the United States (citizens and residents of the several States included), and the exclusion from "wages" extends even to citizens of the United States who provide services for employers "other than the United States or an agency thereof" (§ 3401(a)(8)(A)).

### 4. The Employer or Agent is Liable

Volume 68A of the Statutes at Large, the Internal Revenue Code of 1954, makes it perfectly clear who is "liable" for payment of Subtitles A & C taxes:

**SEC. 3504. ACTS TO BE PERFORMED BY AGENTS.**

In case a fiduciary, agent, or other person has the control, receipt, custody, or disposal of, or pays the wages of an employee or group of employees, employed by one or more employers, the Secretary of his delegate, under regulations prescribed by him, is authorized to designate such fiduciary, agent, or other person to perform such acts as are required by employers under this subtitle and as the Secretary or his delegate may specify. Except as may be otherwise prescribed by the Secretary or his delegate, all provisions of law (including penalties) applicable in respect to an employer shall be applicable to a fiduciary, agent, or other person so designated, but, except as so provided, the employer for whom such fiduciary, agent, or other person acts shall remain subject to the provisions of law (including penalties) applicable in respect to employers.

The liability is further clarified at Vol. 68A, Sec. 3402(d):

(d) TAX PAID BY RECIPIENT. - If the employer, in violation of the provisions of this chapter, fails to deduct and withhold the tax under this chapter, and thereafter the tax against which such tax may be credited is paid, the tax so required to be deducted and withheld shall not be collected from the employer; but this subsection shall in no case relieve the employer from liability for any penalties or additions to the tax otherwise applicable in respect to such failure to deduct and withhold.

These provisions from Vol. 68A of the Statutes at Large comply with and verify liability set out at 26 CFR, Part 601, Subpart D in general. Further, territorial limits of application are made clear by the absence of regulations supporting 26 USC §§ 7621, 7802, etc., which are the statutes authorizing establishment of internal revenue districts and delegations of authority to the Commissioner of Internal Revenue and assistants. The fact that the liability falls to the "employer" (26 USC § 3401(d)) and/or his agent, with no compensation for serving as "tax collector," narrows the field to federal government entities as "employers" if for no other reason than the population at large is not subject to the edict of government officials. As a matter of course, government cannot compel performance where the general population is concerned. The subject class that has "liability" for Subtitles A & C taxes is the "employer" or his agent, fiduciary, etc., as specified above.

The matter is further clarified in Sections 3403 & 3404 of Vol. 68A, Statutes at Large:

**SEC. 3403. LIABILITY FOR TAX.**

The employer shall be liable for the payment of the tax required to be deducted and withheld under this chapter, and shall not be liable to any person for the amount of any such payment.

**SEC. 3404. RETURN AND PAYMENT BY GOVERNMENTAL EMPLOYER.**

If the employer is the United States, or a State, Territory, or political subdivision thereof, or the District of Columbia, or any agency or instrumentality of any one or more of the foregoing, the return of the amount deducted and withheld upon any wages may be made by any officer or employee of the United States, or of such State, Territory, or political subdivision, or of the District of Columbia, or of such agency or instrumentality, as the case may be, having control of the payment of such wages, or appropriately designated for that purpose.

The territorial application, and limitation, is made clear by definitions in Title 26 of the Code of Federal Regulations, as follows:
§ 31.3121(3)-1 State, United States, and citizen.

(a) When used in the regulations in this subpart, the term "State" includes the District of Columbia, the Commonwealth of Puerto Rico, the Virgin Islands, the Territories of Alaska and Hawaii before their admission as States, and (when used with respect to services performed after 1960) Guam and American Samoa.

(b) When used in the regulations in this subpart, the term "United States", when used in a geographical sense, means the several states (including the Territories of Alaska and Hawaii before their admission as States), the District of Columbia, the Commonwealth of Puerto Rico, and the Virgin Islands. When used in the regulations in this subpart with respect to services performed after 1960, the term "United States" also includes Guam and American Samoa when the term is used in a geographical sense. The term "citizen of the United States" includes a citizen of the Commonwealth of Puerto Rico or the Virgin Islands and, effective January 1, 1961, a citizen of Guam or American Samoa.

Definition of the terms "includes" and "including" located at 26 USC § 7701(c) provides the limiting authority which the above definitions, beyond constructive application, are subject to:
(c) INCLUDES AND INCLUDING. - The terms "includes" and "including" when used in a definition contained in this title shall not be deemed to exclude other things otherwise within the meaning of the term defined.
Two principles of law clarify definition intent: (1) The example represents the class, and (2) that which is not named is intended to be omitted. In the definition of "United States" and "State" set out above, all examples are of federal States, and are exclusive of the several States, with the transition of Alaska and Hawaii from the included to the excluded class proving the point. This conclusion is reinforced by the absence of regulations which extend authority to establish revenue districts in the several States (26 USC § 7621), authority for the Department of the Treasury [Puerto Rico] in the several States (26 USC § 7801), and no grant of delegated authority for the Commissioner of Internal Revenue, assistant commissioners, or other Department of the Treasury personnel (26 USC § 7802 & 7803).

## 5. Lack of Regulations Supporting General Application of Tax

Here again, the Parallel Table of Authorities and Rules is useful as it demonstrates that Subtitles A & C taxes do not have general application within the several States and to the population at large. The regulation for 26 USC § 1 refers to 26 CFR § 301, but that amounts to a dead end - there is no regulation under 26 CFR, Part 1 or 31 which would apply to the several States and the population at large. Further, there are no supportive regulations at all for 26 USC §§ 2 & 3, and of considerable significance, no regulations supporting corporate income tax, 26 USC § 11, as applicable to the several States.

Where the instant matter is concerned, regulations supporting 26 USC § 6321, liens for taxes, and § 6331, levy and distraint, are under 27 CFR, Part 70. The importance here is that Title 27 of the Code of Federal Regulations is exclusively under Bureau of Alcohol, Tobacco and Firearms administration for Subtitle E and related taxes. There are no corresponding regulations for the Internal Revenue Service, in 26 CFR, Part 1 or 31, which extend comparable authority to the several States and the population at large.

The necessity of regulations being published in the Federal Register is variously prescribed in the Administrative Procedures Act, at 5 USC § 552 et seq., and the Federal Register Act, at 44 USC § 1501 et seq. Of particular note, it is specifically set out at 44 USC § 1505(a), that when regulations are not published in the Federal Register, application of any given statute is exclusively to agencies of the United States and officers, agents and employees of the United States, thus once again confirming application of Subtitles A & C tax demonstrated above. Further, the need for regulations is detailed in 1 CFR, Chapter 1, and where the Internal Revenue Service is concerned, 26 CFR § 601.702.

The need for regulations has repeatedly been affirmed by the Supreme Court of the United States, as stated in <u>California Bankers Ass'n. v. Schultz</u>, 416 U.S. 21, 26, 94 S.Ct. 1494, 1500, 39 L.Ed.2d 812 (1974):

Because it has a bearing on our treatment of some of the issues raised by the parties, we think it important to note that the Act's civil and criminal penalties attach only upon violation of regulations promulgated by the Secretary; if the Secretary were to do nothing, the Act itself would impose no penalties on anyone ... The government argues that since only those who violate regulations may incur civil and criminal penalties it is the regulations issued by the Secretary of the Treasury and not the broad, authorizing language of the statute, which is to be tested against the standards of the 4th Amendment...

Because there is a citation supporting these statutes applicable under Title 27 of the Code of Federal Regulations, it is important to point out that, "Each agency shall publish its own regulations in full text," (1 CFR § 21.21(c)), with further verification that one agency cannot use regulations promulgated by another at 1 CFR § 21.40. To date, no corresponding regulation has been found for 26 CFR, Part 1 or 31, so until proven otherwise, IRS does not have authority to perfect liens or prosecute seizures in the several States as pertaining to the population at large.

### 6. Misapplication of Authority

Regulations pertaining to seized property are found at 26 CFR § 601.326:
> Part 72 of Title 27 CFR contains the regulations relative to the personal property seized by officers of the Internal Revenue Service or the Bureau of Alcohol, Tobacco and Firearms as subject to forfeiture as being used, or intended to be used, to violate certain Federal Laws; the remission or mitigation of such forfeiture; and the administrative sale or other disposition, pursuant to forfeiture, of such seized property other than firearms seized under the National Firearms Act and firearms and ammunition seized under title 1 of the Gun Control Act of 1968. For disposal of firearms and ammunition under Title 1 of the Gun Control Act of 1968, see 18 U.S.C. 924(d). For disposal of explosives under Title XI of Organized Crime Control Act of 1970, see 18 U.S.C. 844(c).

The only other comparable authority thus far found pertains to windfall profits tax on petroleum (26 CFR § 601.405), but once again, application is not supported by regulations applicable to the several States and the population at large.

Where the provision for filing 1040 returns is concerned, the key regulatory reference is at 26 CFR § 601.401(d)(4), and this application appears related to "employees" who work for two or more "employers", receiving foreign-earned income effectively connected to the United States. The option of filing a 1040 return for refund is mentioned in instructions applicable to United States citizens and residents of the Virgin Islands, but to date has not been located elsewhere. Reference OMB numbers for § 601.401, listed on page 170, 26 CFR, Part 600-End, cross referenced to

Department of Treasury OMB numbers published in the Federal Register, November 1995, for foreign application.

The fact that 1040 tax return forms are optional and voluntary, with special application, is further reinforced by Delegation Order 182 (reference 26 CFR §§ 301.6020-1(b) & 301.7701). The Secretary or his delegate is authorized to file a Substitute for Return for the following: Form 941 (Employer's Quarterly Federal Tax Return); Form 720 (Quarterly Federal Excise Tax Return); Form 2290 (Federal Use Tax Return on Highway Motor Vehicles); Form CT-1 (Employer's Annual Railroad Retirement Tax Return); Form 1065 (U.S. Partnership Return of Income); Form 11-B (Special Tax Return - Gaming Services); Form 942 (Employer's Quarterly Federal Tax Return for Household Employees); and Form 943 (Employer's Annual Tax Return for Agricultural Employees).

The "notice of levy" instrument forwarded to various third parties is not a "levy" which warrants surrender of property. The Internal Revenue Code, at § 6335(a), defines the "notice" instrument by use - notice is to be served to whomever seizure has been executed against after the seizure is effected. In short, the notice merely conveys information, it is not cause for action. The term "notice" is clarified by definition in Black's Law Dictionary, 6th Edition, and other law dictionaries. Use of the "notice of levy" instrument to effect seizure is fraud by design.

Proper use of the "notice" process, administrative garnishment, et al, is specifically set out in 5 USC § 5514, as being applicable exclusively to officers, agents and employees of agencies of the United States (26 USC § 3401(c)). Even then, however, the process must comply with provisions of 31 USC § 3530(d), and standards set forth in §§ 3711 & 3716-17. In accordance with provisions of 26 CFR, Part 601, Subpart D, the employer, meaning the United States agency the employee is employed by, is responsible for promulgating regulations and carrying out garnishment.

Even if IRS was the agency responsible for collecting from an "employee," due process would be required, as noted above, so authority to collect would ensue only after securing a court order from a court of competent jurisdiction, which in the several States would mean a judicial court of the State. In law, however, there is no authority for securing or issuing a Notice of Distraint premised on non-filing, bogus filing, or any other act relating to the 1040 return. See United States v. O'Dell, Case No. 10188, Sixth Circuit Court of Appeals, March 10, 1947. In G.M. Leasing Corp. v. United States, 429 U.S. 338 (1977), the United States Supreme Court held that a judicial warrant for tax levies is necessary to protect against unjustified intrusions into privacy. The Court further held that forcible entry by IRS officials onto private premises without prior judicial authorization was also an invasion of privacy.

## 7. Liability Depends on a Taxing Statute

General demands for filing tax returns, production of records, examination of books, imposition and payment of tax, etc., are of no consequence to the point a taxing statute (1) defines what tax is being imposed, and (2) the basis of liability. In other words, even if the Internal Revenue Service was a legitimate agency of the United States Department of the Treasury and had authority in the several States, the Service would have to be specific with respect to what tax was at issue and would have to demonstrate the tax by citing a taxing statute with the necessary elements to establish that any given person was obligated to pay any given tax.

This mandate has been clarified by the courts numerous times, with the matter definitively stated by the Tenth Circuit Court of Appeals in <u>United States v. Community TV, Inc.</u>, 327 F.2d 797, at p. 800 (1964):

> Without question, a taxing statute must describe with some certainty the transaction, service, or object to be taxed, and in the typical situation it is construed against the Government. <u>Hassett v. Welch</u>, 303 U.S. 303, 58 S.Ct. 559, 82 L.Ed.858

In other words, to the point Service personnel produce the statute which mandates a certain tax and which specifies, "... the transaction, service, or object to be taxed..," the burden of proof lies with the Government, with the consequence being that no obligation or civil or criminal liability can ensue to the point a taxing statute that meets the above requirements is in evidence.

This conclusion is supported by the statute which provides the underlying requirements for keeping records, making statements, etc., located at 26 USC § 6001:

> Every person liable for any tax imposed by this title, or for the collection thereof, shall keep such records, render such statements, make such returns, and comply with such rules and regulations as the Secretary may from time to time prescribe. Whenever in the judgment of the Secretary it is necessary, he may require any person, by notice served upon such person, or by regulations, to make such returns, render such statements, or keep such records, as the Secretary deems sufficient to show whether or not such person is liable for tax under this title. The only records which an employee shall be required to keep under this section in connection with charged tips shall be charge receipts, records necessary to comply with section 6053(c), and copies of statements furnished by employees under section 6053(a).

The control statute for Subtitle F, Chapter 61, Subchapter A, Part I, concerning records, statements, and special returns, clearly returns the matter to the "employee" defined at § 3401(c), and the "employer" defined at § 3401(d). In general, however, (1) the Secretary must provide direct notice to whomever is required to keep books, records, etc., as being the "person liable," or (2) specify the person liable by regulation. In the absence of notice by the Secretary, based on a taxing statute which makes such a person liable according to provisions stipulated in <u>United States v. Community TV, Inc.</u>, <u>Hassett v. Welch</u>, and other such cases, or regulations which specifically set establish general liability, there is no liability.

Sec. 6001 also exempts "employees" from keeping records except where tips and the like are concerned. This is consistent with constructive demonstration that "employers" rather than "employees" are required to file returns, as opposed to paying deducted amounts as income tax returns, constructively demonstrated in a previous section of this memorandum and specifically articulated in 26 CFR § 601.104. Clarification via 26 USC § 6053(a) is as follows:

> (a) REPORTS BY EMPLOYEES. - Every employee who, in the course of his employment by an employer, receives in any calendar month tips which are wages (as defined in section 3121(a) or section 3401(a)) or which are compensation (as defined in section 3231(e)) shall report all such tips in one or more written statements furnished to his employer on or before the 10th day following such month. Such statements shall be furnished by the employee under such regulations, at such other times before such 10th day, and in such form and manner, as may be prescribed by the Secretary.

Unraveling § 6001 straightens out the meaning of § 6011, which requires filing returns, statements, etc., by the person made liable (§ 3401(d)), as distinguished from the person required to make returns (payments) at § 6012 (§ 3401(c)). Even though a person might be a citizen or resident of the United States employed by an agency of the United States, and thereby be required to return a

prescribed amount of United States-source income, he is not the person liable under § 6011 and attending regulations.

The "method of assessment" prescribed at 26 USC § 6303 is therefore dependent on the taxing statute and must rest on authority specifically conveyed by a taxing statute which prescribes liability where the Secretary (1) has provided specific notice, including the statute and type of tax being imposed, or (2) supports assessment by regulatory application. In the absence of one or the other, an assessment by the Secretary is of no consequence as it is not legally obligating.

The requirement for the Secretary to provide notice to whomever is responsible for collecting tax, keeping records, etc., is clarified at 26 CFR § 301.7512-1, particularly (a)(1)(i), relating to "employee tax imposed by section 3101 of chapter 21 (Federal Insurance Contributions Act)," and (a)(1)(iii), relating to "income tax required to be withheld on wages by section 3402 of chapter 24 (Collection of Income Tax at Source on Wages)..." The person liable is the employer or the employer's agent, and of particular significance, it is this "person" who is subject to civil and particularly criminal penalties (26 CFR § 301.7513-1(f); 26 CFR §§ 301.7207-1 & 301.7214-1, etc.). Officers and employees of the United States are specifically identified as being liable at 26 USC § 301.7214-1.

The matter of who is required to register, apply for licenses, or otherwise collect and/or pay taxes imposed by the Internal Revenue Code is ultimately and finally put to rest under "Licensing and Registration", 26 USC §§ 301.7001-1, et seq. Each of the categories so addressed has liability based on some particular taxing statute which creates liability.

<u>8. The Necessity of Administrative Process</u>

The requirement for a specific taxing statute, with 26 USC § 6001 clearly providing the first leg in necessary administrative procedure to determine liability, was addressed at length in <u>Rodriguez v. United States</u>, 629 F.Supp.333 (N.D. Ill. 1986). Presuming (1) the Secretary has provided the necessary notice, or (2) a regulation prescribes general application which makes any given person liable for a tax and requires tax return statements to be filed, each step in administrative process prescribed by 26 USC §§ 6201, 6212, 6213, 6303 and 6331 must be in place for seizure or any other encumbrance to be legal.

Here again, regulations published in the Federal Register are significant, with provisions of 5 USC § 552 et seq., 44 USC § 1501 et seq., 1 CFR, Chapter I, and 26 CFR, Part 601 all supporting the mandate for regulations to be published in the Federal Register before they have general application. It will be noted by referencing the Parallel Table of Authorities and Rules, beginning on page 751 of the 1995 Index volume to the Code of Federal Regulations, that application by regulation to the several States is only under Title 27 of the Code of Federal Regulations, or that there are no regulations published in the Federal Register. The following entries, or non-entries, are found:

> 26 USC § 6201 Assessment authority 27 CFR, Part 70
> 26 USC § 6212 Notice of deficiency No Regulation
> 26 USC § 6213 Restrictions applicable to deficiencies; petition to Tax Court No Regulation
> 26 USC § 6303 Notice and Demand for Tax 27 CFR, Part 53, 70
> 26 USC § 6331 Levy and distraint 27 CFR, Part 70

The assessment authority under 26 USC § 6201, in relevant part as applicable to Subtitles A & C taxes, are as follows:

(a) AUTHORITY OF SECRETARY. - The Secretary is authorized and required to make the inquires, determination, and assessments of all taxes (including interest, additional amounts, additions to the tax, and assessable penalties) imposed by this title, or accruing under any former internal revenue law, which have been duly paid by stamp at the time and in the manner provided by law. Such authority shall extend to and include the following:

(1) TAXES SHOWN ON RETURN. - The secretary shall assess all taxes determined by the taxpayer or by the Secretary as to which returns or lists are made under this title.

(3) ERRONEOUS INCOME TAX PREPAYMENT CREDITS. - If on any return or claim for refund of income taxes under subtitle A there is an overstatement of the credit for income tax withheld at the source, or of the amount paid as estimated income tax, the amount so overstated which is allowed against the tax shown on the return or which is allowed as a credit or refund may be assessed by the Secretary in the same manner as in the case of a mathematical or clerical error appearing upon the return, except that the provisions of section 6213(b)(2) (relating to abatement of mathematical or clerical error assessments) shall not apply with regard to any assessment under this paragraph.

(b) AMOUNT NOT TO BE ASSESSED. -

(1) ESTIMATED INCOME TAX. - No unpaid amount of estimated income tax required to be paid under section 6654 or 6655 shall be assessed.

(2) FEDERAL EMPLOYMENT TAX. - No unpaid amount of Federal unemployment tax for any calendar quarter or other period of a calendar year, computed as provided in section 6157, shall be assessed.

(d) DEFICIENCY PROCEEDINGS. -

For special rules applicable to deficiencies of income, estate, gift, and certain excise taxes, see subchapter B. [emphasis added]

The grant of assessment authority with respect to taxes prescribed in Subtitles A & C is limited to provisions set out above even where the Service might have authority relating to those made liable for the tax, meaning the "employer" specified at 26 USC § 3401(d). Clearly, returns made either by the agent of the United States agency required to file a return, or the Secretary, are to be evaluated mathematically, and errors are to be treated as clerical errors, nothing more. The Secretary has no authority to assess estimated income tax (individual estimated income tax at § 6554; corporation estimated income tax at § 6655), or unemployment tax ( § 6157). For all practical purposes, the trail effectively ends here.

## 9. The Impossibility of Effective Contract/Election

In order for there to be an opportunity for a nonresident alien of the United States (a Citizen of one of the several States) to elect to be taxed or treated as a citizen or resident of the United States, one or the other of a married couple, or the single "individual" making the election, must be a citizen or resident of the United States (26 USC § 6013(g)(3)). Some party must in some way be connected with a "United States trade or business" (performance of the functions of a public office (26 USC § 7701(a)(26)). A nonresident alien never has self-employment income (26 CFR § 1.1402(b)-1(d)). In

the event that a nonresident alien is an "employee" (26 USC § 3401(c)), the "employer" (26 USC § 3401(d)) is liable for collection and payment of income tax (26 CFR § 1.1441-1). And in order for real property to be treated as effectively connected with a United States trade or business by way of election, it must be located within the geographical United States (26 USC § 871(d)).

Provisions cited above preclude any and all legal authority for Citizens of the several States, or privately owned enterprise located in the several States, to participate in federal tax and benefits programs prescribed in Subtitles A & C of the Internal Revenue Code and companion legislation such as the Social Security Act which provide benefits from the United States Government, which is a foreign corporation to the several States.

<u>Summary & Conclusion</u>

This memorandum is not intended to be exhaustive, but merely sufficient to support causes set out separately. The most conspicuous conclusions of law are that Congress never created a Bureau of Internal Revenue, the predecessor of the Internal Revenue Service; Subtitles A & C of the Internal Revenue Code prescribe excise taxes, mandatory only for employees of United States Government agencies; the Internal Revenue Service, within the geographical United States where the Service appears to have colorable authority, is required to use judicial process prior to seizing or encumbering assets; and the law demonstrates that people of the several States, defined as nonresident aliens of the self-interested United States in the Internal Revenue Code, cannot legitimately elect to be taxed or treated as citizens or residents of the United States. If a Citizen of one of the several States works for an agency of the United States or receives income from a United States "trade or business" or otherwise effectively connected with the United States, the employer or other third party responsible for payment is made liable for withholding taxes at the rate of 30% or 14%, depending on classification, and is thus "the person liable" and may be subject to Internal Revenue Service initiatives, with administrative initiatives, where seizure and/or encumbrance actions are concerned, subject to judicial determinations by courts of competent jurisdiction.

*FAXED:*      September 15, 2003

Ernest Enax
SSN# 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
6319 12th St N
St. Petersburg, FL  33702-7303

Michele Quimby
Internal Revenue Service
9450 Koger Blvd., Room 201
Group 2900 Stop 5229
St. Petersburg, FL  33702-2481



Cc:     Mark W. Everson, Commissioner
        1111 Constitution Ave NW
        Washington DC 20224

        John W. Snow, Secretary of the Treasury
        1500 Pennsylvania Avenue, NW
        Washington, D.C. 20220

**Re:** Notice of Lien/Levy(s) Form(s) # 668W(c), 668(A), 668(Y)
**Date of Notice(s) :** 08/22/2003
**Amount of Purported Federal Tax Lien(s), Levy(s) :** $11,803.50

# Claim for Release of Erroneous Notice of Lien/Levy

### Appeal Alleging Procedural Errors in the Filing of Notice of Tax Lien/Levy
## Demand for Impartial Judicial Appeal Hearing if Claim is Denied

Pursuant to 26 U.S.C. §6326 and 26 CFR §301.6326-1, and Federal Register. Vol. 56. No. 206. Thursday, October 24, 1991, page 55078 (last paragraph), this constitutes a timely Appeal of Notice of Lien/Levy, and a claim and demand for a Certificate of Release of Notice of Lien/Levy for the purpose of correcting errors made in said erroneous Notice of Lien/Levy, on the grounds that, pursuant to 26 CFR 301.6326-1(b)(2), the tax liability that gave rise to the lien was assessed in violation of required deficiency procedures.

Pursuant to 26 U.S.C. 6323(j)(1)(A), as amended July 30,1996 by Public Law 104-168, "Taxpayer Bill of Rights" 110 Stat. 1460. TITLE V. COLLECTION ACTIVITIES. Modification to Lien and Levy Provisions, §501(a) this is a demand, for an immediate Withdrawal of the erroneous Notice of Lien on the grounds that the filing of the purported Notice of Lien was not made in accordance with the administrative procedures of the secretary.

Further, if an Intent to Levy or Notice of Levy has been issued regarding this matter, or if any property belonging to Claimant has been seized or levied upon, or is pending levy by your

agency, this a demand for a Release of Notice of Levy and an immediate Return of any and all property belonging to Claimant, pursuant to 26 U.S.C. §6343(a)(b), as well as §6343(d)(i)(2) (as amended by Public Law 104-168, "Taxpayer Bill of Rights" 110 Stat.(TITLE V. COLLECTION ACTIVITIES. Modification to Lien and Levy Provisions, 501(b) and 26 CFR 301.6343-1.(b)(2)

This Claim does not attempt to challenge the underlying merits related to the amount of the purported tax liability. Claimant is merely establishing that, pursuant to ruling case law on this subject, the agency's failure to maintain strict compliance with the statutory and regulatory administrative deficiency procedures promulgated by the Secretary, invalidates the tax and voids the purported assessment. Therefore, no valid tax or assessment exists which would support a lawful Notice of Lien or Notice of Levy, making such Notice(s) and any subsequent seizures invalid, erroneous, wrongful and unenforceable.

> "Requisites and Validity of Levy "...A failure substantially to comply with the statutory requirements as to the mode and manner or making the levy invalidates the tax and there must be strict compliance with mandatory procedure. No tax can be sustained as valid unless it is levied in accordance to the letter of the statute." 84 C.J.S. §355, Mass. Hough v. North Adams 82 N.E. 46,196 Mass. 290

**1.** This lien/levy action is not made in accordance with the administrative procedures of the Secretary and constitutes unauthorized civil action against me, pursuant to 55 FR 47633, Nov. 14, 1990, 27 CFR 70.191 and 301.7401-1.

> 55 F.R. 47633, 27 CFR 70.191 Authorization:
> (a) In general. No civil action for the collection or recovery of taxes, or any fine, penalty, or forfeiture (with respect to the provisions of 26 U.S.C. enforced and administered by the Bureau shall he commenced unless the Director, Bureau of Alcohol Tobacco and Firearms, or designated delegate, or the Chief Counsel for the Bureau, or designated delegate, directs that the action be commenced.
>
> Pursuant to §301.7401-1: Authorization (a) No Civil action for the collection or recovery of taxes. or off any fine, penalty or forfeiture shall be commenced unless the Commissioner or the Director, Alcohol Tobacco and Firearms Division.. or the Chief Counsel for the Internal Revenue Service or his delegate authorizes or sanctions the proceedings and the Attorney General or his delegate directs that the action be commenced."

**2.** Notice(s) is/are not made in accordance with the administrative procedures of the Secretary, as promulgated in 26 U.S.C §6331(a), 26 CFR §301.6331-1(a) (4) Authority To Levy as Claimant is not a Federal Employee or an employee of the District of Columbia, a State, a Municipality, or of any agency or instrumentality thereof, or any other person, upon whom the Secretary or the Assessment Officer has the authority to assess, levy or lien.

> Levy and Distraint
> 26 USC §6331 (a) Authority of Secretary "...Levy may be made upon the accrued salary or wages of any officer. employee or elected official of the United States, the District of Columbia or any agency or instrumentality of the United States or District of Columbia..." (paraphrased)

26 CFR 301.6331-1(a)

"(4) Certain types of compensation

*(i) Federal Employees.* "Levy may be made upon the salary or wages of any officer or employee (including members of the Armed Forces) or elected or appointed official, of the United States the District of Columbia or any agency or instrumentality of either..."

*(ii) State and Municipal employees.* Salaries, wages or other compensation of any officer, employee or elected or appointed official of a State or Territory, or of any agency, instrumentality, or political subdivision thereof, are also subject to levy to enforce collection of any Federal tax.

(iii) *Searnen...wages* of seamen, apprentice seamen, or fishermen employed on fishing vessels are subject to levy.

20 Fed Proc.. L.Ed §48.548 "...With regard to a levy on salary or wages ... Levy may be made upon the salaries of federal, [26 USC §6331(a)] state and municipal, [26 CFR §301.6331(a)(4)(ii)] and a pension payable to a former state employee may be levied upon [Revenue Ruling 55-226, 1955-1 CB 551]."

As you are aware, pursuant to 44 U.S.C.A. 1504-1507, before a citizen of the several states of the United States can be bound by, or adversely effected by a law or regulation, any law having general applicability to such Citizens, must be published in the Federal Register. Such laws and regulations are then categorized pursuant to their applicable Title in the Code of Federal Regulations (CFR).

26 USC 7805(a) States, "...the Secretary shall prescribe all needful rules and regulations for the enforcement of this title."

The Internal Revenue Code is not self-executing. Without an implementing regulation, applicable to a particular type of tax, a statute has no force of law, and imposes no duties or penalties.

"the Act's civil and criminal penalties attach only upon the violation of a regulation promulgated by the Secretary; if the Secretary were to do nothing- the Act itself would impose no penalties on anyone... only those who violate the regulations (not the Code) may incur civil or criminal penalties it is the actual regulation issued by the Secretary of the Treasury and not the broad authorizing language of the statute which is to be tested against the standards of the 4th Amendment." Calif. Bankers Assoc. v. Shultz 416 US 25, 44. 39 L. Ed. 2d 812, 94. S Ct. 1494.

As there are hundreds of particular types of taxes in Titles 26 (Income Taxes) and 27 (Alcohol, Tobacco, and Firearms Taxes) and, because not all types of taxes will be affected by the same regulations each type of tax is assigned a "Part Number." In that manner, the Citizen can be confident that a particular regulation is applicable to the particular type of tax he or she is required to pay. For example, in Title 26, a Part 1 Tax is the Individual Income Tax, Part 20 is the Estate Tax, Part 25 is the Gift Tax, etc. In Title 27, Part 70 deals with alcohol, tobacco firearms and taxes. However, there are also alcohol, tobacco, firearms, narcotic and import and export taxes in Title 26, Subtitle E, which are enforceable by the ATF through implementing regulations in the Title 27 C.F.R. (Code of Federal Regulations) and conversely, some tax liabilities are implemented into Title 27 with Title 26 Subtitle F, Procedures and Administration.

2. Notice(s) is/are not made in accordance with, the administrative procedures of the Secretary, regarding liens, levies and seizures which are authorized solely by 26 U.S.C. 6321, which was promulgated into law by 55 F.R. 47616 and implemented by 27 CFR §70..141 Lien for Taxes:

Table I - Parallel Table of Authorities CFR

Lien Authority 26 U.S.C. §6321 ................................................ 27 Part 70

§70.141 Lien for Taxes. If any person liable to pay any tax under provisions of 26 U.S.C. enforced and administered by the Bureau [Bureau of alcohol, Tobacco and Firearms] neglects and refuses to pay the same after demand, the amount, [including any interest, additional amount, addition to tax, or assessable penalty], ...shall be a lien in favor of the United States..."

The ONLY Particular type of Title 26 taxes that 301.6321 (Procedures and Administration) is applicable to is the Part 20, Estate taxes and Part 25, Gift Taxes.

37 FR 11696, Vol. 37, No. 113, Saturday, June 10, 1972, is a published Notice of the establishment of the ATF, and specifically lists those types of taxes enforced and administered by the Bureau of alcohol which are subject to the lien/levy seizure penalties, pursuant to 26 U.S.C. 6321 et al. The Part 1, individual income tax is not a tax enforceable by the bureau and is, therefore, not subject to the 26 U.S.C. 6321 Code or its implementing Regulations.

"By virtue of the authority vested in me as Secretary of the Treasury, including the authority in Reorganization Plan No, 26 of 1950, it is ordered that:

1. The purpose of this order is to transfer, as specified herein, the functions, powers and duties of the Internal Revenue Service, arising under laws relating to alcohol, tobacco, firearms and explosives (including the Alcohol, Tobacco and Firearms division. of the Internal Revenue Service), to the Bureau of Alcohol, Tobacco, and Firearms (hereinafter referred to as which is hereby established.

2. The Director of the Bureau of Alcohol, Tobacco, and Firearms (hereinafter referred to as Director shall perform the functions, exercise the powers, and carry out the duties of the Secretary [of the Treasury] in the administration and enforcement of the following provisions of law:

(a) Chapters 51 [Alcohol Tax], 52 [Tobacco Tax], 53 [Firearms Tax] of the Internal Revenue Code of 1954 and sections 7652 [Exports from Puerto Rico] and 7653 imports to Puerto Rico).
(b) Chapters 61 to 89 inclusive, of the Internal Revenue Code of 1954, insofar as they relate to, and administered with respect to Chapters SL 52. and 53 [alcohol, tobacco and firearms] (c) The Federal Alcohol Administration Act (27 U.S.C. Chapter 8)." (d) 18 U.S.C. Chapter 44 (relating to firearms);
(e) Title VII, Omnibus Crime Control and Safer Streets Act of 1968 (18 U.S.C. Appendix, Sec. 1201-1203)
(f) 18 U.S.C. 1262-1265; 1952; 3615 (relating to liquor traffic).
g) Act of Aug. 9.1939 (49 U.S.C. Chap. 11): in matters relating to violations of National Firearms Act;
(h) 18 U.S.C. Chapter 48 (relating to explosives) and
(l) Section 414 of the Mutual Security Act of 1955, as amended (22 U.S.C. 1934) relating to the control of the importation of arms. ammunition and implements of war."

**I am not now, nor have I ever been liable to pay any of the above taxes, or any Title 26 tax, Enforced and administered by the Alcohol, Tobacco and Firearm Bureau or 26 U.S.C. (1954) Subchapter D Miscellaneous Excise Taxes Parts 40 - 169, Subchapter E or for any other revenue Taxable Activities. Therefore, there is no lawful authority for issuing me a Notice of Lien or Notice of Levy.**

Following is a list of the only subjects of 27 CFR Part 70 which is the only implementing regulation for 26 U.S.C. 6321, et al.. I am not a Government employee or a law enforcement officer and I am not involved in the activities or subjects listed in 27 CFR, Part 70, pursuant to 56 F.R. 55079. therefore 26 U.S.C. 6321 is not applicable to me.

> 56 F.R .55079
> "List of Subjects in 27 CFR Part 70
> "Alcohol and alcoholic beverages, Authority delegations, Claims, [Subchapter D and E] Excise taxes    Firearms and ammunition, Government employees, Law enforcement, Law enforcement Officers Penalties Seizures, and Forfeitures, Surety bonds. Tobacco."

**TO SUMMARIZE IT SIMPLY, 26 U.S.C. 6321 et al. PROVIDES LEIN/LEVY AUTHORITY ONLY FOR THOSE TYPES OF TAXES ENFORCEABLE BY THE BUREAU OF ALCOHOL, TOBACCO AND FIREARMS (ATF).**

NO REGULATION APPLICABLE TO THE PART 1, INDIVIDUAL INCOME TAX HAS EVER BEEN PUBLISHED IN THE FEDERAL REGISTER NO 1.6321 REGULATION HAS EVER BEEN PROMULGATED BY THE SECRETARY OF THE TREASURY IN 26 CFR OR 27 CFR, AS HAVING GENERAL APPLICABILITY TO THE PART 1 INDIVIDUAL INCOME TAX.

**THIS MEANS, REGARDLESS OF WHAT THE IRS MAY TRY TO MISLEAD CITIZENS INTO BELIEVING, THE LIEN/LEVY/SEIZURE AUTHORITY PROVIDED BY 26 U.S.C. *6321* IS NOT APPLICABLE TO THE PART I INDIVIDUAL INCOME TAX AND ANY ATTEMPT TO ENFORCE IT AS SUCH IS UNLAWFUL AND FRAUDULENT.**

Following are other reasons the said erroneous Notices of Liens and/or Notices of Levy(s) are a violation of deficiency procedures and not made in accordance with, the administrative procedures of the Secretary.

> 1. The Notice of Lien is not attested to be true and correct pursuant to §6065, which states: "...Return(s), declaration(s), statement(s) or other document(s) required to be made under any provision of the internal revenue laws or regulations shall contain or be verified by a written declaration that it is made under the penalties of perjury."

> 2. Notice of Lien lacks a bona fide hand written signature by an appropriately delegated officer. Signature on Notice of Lien is an unauthorized and non-authentic, computer stamped, facsimile, improperly using only one initial. Notice of Federal Tax Lien is, thereby, a counterfeit and fraudulent document.

> 3. A Notice of Lien must be supported by a properly filed valid Summary Record of Assessment, upon which the Notice of Lien is based. Pursuant to 26 U.S.C. §6201,

6203 and 26 C.F.R §301.6201 and §301.6203, as evidenced by my Individual Master File, and substantiated by a FOIA search for a proper recording, no valid Summary Record of Assessment, has been filed.

26 USC §6203 METHOD OF ASSESSMENT -"The assessment shall be made by recording the liability of the taxpayer in the office of the Secretary in accordance with the rules and regulations prescribed by the Secretary. Upon request of the taxpayer, the Secretary shall furnish the taxpayer a copy of the record of assessment."

26 CFR 301.6203.1- "The district director and director of the regional service center shall appoint one or more assessment officers. The assessment shall be made by an assessment officer signing the summary record of assessment. The summary record, through supporting records shall provide; identification of the taxpayer, the character of the liability assessed, the taxable period, if applicable, and the amount of the assessment. The amount of the assessment shall, in the case of tax shown on the return by the taxpayer, be the amount so shown...If the taxpayer requests a copy of the record of assessment, he shall be furnished a copy of the pertinent parts of the assessment which set forth the name of the taxpayer, the date of the assessment, the character of the liability assessed"

**4.** The Internal Revenue Manual, which is reflective of the ruling case law on this subject, states that your agency lacks authority to issue a civil penalty without a judgment.

IRM 546 § 19(b)(2) "the civil penalty for non-compliance may be imposed only by filing a suit in the name of the United States, naming the taxpayer as a defendant and securing a judgment."

**5.** Pursuant to 26 USC 6212 and 26 CFR 301.6212, no valid Notice Deficiency, with a bona fide hand written signature, attested to be made under lawful authority. under the penalties of perjury has been sent to me via Registered or Certified mailing, as required by Regulations.

26 CFR § 301.6212 - Notice of deficiency (a) 'IN GENERAL .. "If a district director of a service center.. determines that there is a deficiency in respect to any tax imposed by subtitle A or B or chapter 41, 42, 43, or 44. he is authorized to send notice of such deficiency to the taxpayer by certified mall or registered mail."

**I R Manual 512 (1 . 5 . 83)**
"Preliminary Notices of Deficiency Procedure;"
"...(5) The [Deficiency Notice is signed in pen and ink on behalf of the Commissioner, by the approving Appeals Officer... Any copies of the statutory notice letter which are used for the originals or duplicate originals should have a handwritten signature and not a facsimile or reproduced signature.."
"An assessment is illegal and void if no required [valid] deficiency notice is sent to the taxpayer." - United States V Williams (1958 DC NY) 161 F Supp 158.58-1 USTC 9213. (20 Fed Proc, L Ed 48:440.)

**6.** Pursuant to 26 USC §6303 and C,FR §301.6303, no properly executed Notice and Demand, as required by United States Tax Laws, has been served upon me.

26 CFR 301.6303-1. "Notice and demand for tax. (a) where it is not otherwise provided by the Code, the district director or the director of the regional service center shall after the making of an assessment of a tax pursuant to §6203 give notice to each person liable for the unpaid tax, stating the amount and demanding payment thereof. Such notice shall be given as soon as possible and within 60 days..."

"Internal Revenue Key 4957" Taxpayers would be entitled to income tax refund if collection was effected by illegal use of liens and levies in absence of notice and demand from IRS."

"Internal Revenue Key 4623,' "Ability of Internal Revenue Service to present a computer generated printout reflecting that notice of demand has been sent to taxpayers on certain date does not establish irrebuttable presumption that notice was in fact sent, for purpose of statute providing that IRS must give notice to each person liable for unpaid tax within 60 days after making of assessment." 26 USCA §6303(a) United States v. Berman. 825 F.2d 1053, 1056-1057(6th Cir. 1987)

**7. Insufficiency Notice of Lien.** Pursuant to the Uniform Federal Lien Registration Act, the Notice of Lien requires that the Notice be Certified, to be true and correct by the Secretary of the Treasury of the United States or his or her delegate. There is no authority for an attesting other than a true, bona fide written signature. Signing on someone else's behalf, with a signature stamp, with no first or middle name, with one initial and a last name does not constitute a bona fide signature.

Further, pursuant to other sections of the Federal Code of Civil Procedures, the procedural process of your agency is defective, incomplete, failing upon its face, due to insufficient law, depicting irregular and abusive process and lacking jurisdictional facts necessary to bring Claimant into your jurisdiction.

This claim does not attempt to attack the underlying merits of the amount of this Notice of Lien/Levy and is made, in good faith, for the purpose of correcting errors made in the said Notice of Lien(s) and/or Levy(s), on the grounds that, pursuant to 26 CFR 301.6326-1(b), the tax liability that gave rise to the lien was assessed in violation of the deficiency procedures as set forth by Congress, and promulgated by the Secretary of the Treasury, and is thereby, erroneous and unenforceable and must be released.

PRESERVATION OF SUBSTANTIVE AND UNALIENABLE RIGHTS AS PROTECTED BY THE CONSTITUTION OF THE UNITED STATES.

Pursuant to 26 U.S.C. §7804(b) PRESERVATION OF EXISTING RIGHTS AND REMEDIES, I reserve all of my rights as protected by Constitution of the United States as a Citizen of one of the states of the United States, under the Constitution and the substantive law (including but not limited to the common law and substantive equity.) Further, I demand all of my constitutional rights at all times and waive no rights at any time. Such rights include, but are not limited to, my right to due process of the law, under the 5th and 7th Amendments, PRIOR TO and NOT AFTER my property is seized, my right to be secure in my house, papers and effects and to maintain a possessory interest and ownership of all property belonging to me until such time as a lawful warrant, and probable cause affidavit, sealed and signed by a constitutional court of competent jurisdiction, is lawfully served upon me. The action you have taken, is an erroneous, illegal and fraudulent abuse of the lien/levy process. You are further violating specific case law, rulings and mandates reaffirming the constitutional rights of a Citizen, regarding seizures, from the recent Supreme Court decisions of U.S. V. James Daniel Good Real Property, 114 S. Ct. 492 (1993) Soldal et al v. Cook County. Illinois, et al. 113 S. Ct. (1992)121 L Ed 2d 450, Sniadach v. Family Finance Corp. of Bay View. et al 395 US 337, 23 L Ed 2d 349, 89 S Ct 1820 (1969) and United v. Lopez, 131 L, Ed 2d 626, 115 S. Ct. 1624, 131 L. Ed. 2d 626.

In conclusion, I do not acquiesce to any of the above documented procedural defects of law. I demand that your agency obey the law and adhere to each and every congressional

mandated procedure which were enacted by congress to protect property, my privacy and my substantial rights under the law.

Pursuant to 26 CFR 6343-1(b)(3), if your agency does not notify me that this claim is inadequate immediately within of receipt, this claim shall be considered to be filed properly and timely. I shall, therefore, demand and expect a Certificate of Release of Lien(s) and or a Release of Levy(s) and an immediate return of any property which your agency unlawfully levied, plus interest.

While this Claim exhausts my Administrative remedies, pursuant to 26 U.S.C. §7804(b) **PRESERVATION OF EXISTING RIGHTS AND REMEDIES**, I preserve and reserve all of my rights and remedies including but not limited to, common law, as well as equity.

I, Ernest Enax, hereby attest that to the best of my knowledge, and under the penalty of perjury under the laws of Florida, this claim is true and correct.

Sincerely without prejudice,

Ernest Enax

## Demand for an Adjudicatory Appeal Office Hearing Alleging Errors in Deficiency Procedures, if <u>Release of Notice of Lien, is Not Issued.</u>

Pursuant to 26 U.S.C. §7804(b) **PRESERVATION OF EXISTING RIGHTS AND REMEDIES,** if you ignore this Claim, I will file a WRIT OF MANDATE, compelling you to appear to Show Cause why you have not adhered to your ministerial, mandated administrative deficiency procedures. If you have objections or evidence rebutting the substance of this claim, Claimant demands a fair and impartial Adjudicatory Appeal Hearing, in which your agency can provide evidence that you have adhered to all Congressional and lawfully mandated deficiency, assessment, and lien/levy procedures.

If your agency does not provide either a Release of Notice of Lien, or an Opportunity for such a Hearing, within 14 days from receipt of this Claim, this constitutes Constructive Notice that Claimant intends to exhaust all of his administrative remedies and, file suit in the federal district court, under 26 U.S.C. § 7433, and 26 C.F.R. 301.7433, wherein pursuant to the July 30, 1996, Taxpayers Bill of Rights, (Public Law 104-168, 110 Stat. 1465) Sec. 801 (a) I can collect up to one million dollars in damages for unauthorized collection activities for your reckless and intentional disregard for the provisions of the Internal Revenue Code and the regulations promulgated by the Secretary. Because there is no signature on any of the unlawful notices, and because in law someone must take responsibility for unlawful acts, defendants in this suit shall be the Regional Director, the District Director, and the Chief, Tax Processing Center and you individually.

I, Ernest Enax, hereby attest, to the best of my knowledge and belief, under the penalty of perjury under the laws of Florida that this claim is true and correct.

Sincerely without prejudice,

Ernest Enax