**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ERNEST ENAX,

    Plaintiff,

v.                                                    CASE NO. 8:05-cv-02124-T-17TGW

UNITED STATES OF AMERICA and
INTERNAL REVENUE SERVICE,

    Defendants.

_____/

**ORDER**

        Before the Court is Co-defendant United States' Motion to Dismiss (Dkt. 12), filed on May 31, 2006, and Plaintiff Ernest Enax ("Enax")'s response thereto (Dkt. 14), filed on June 28, 2006. For the reasons below, this Court grants the United States' Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(1) and (2). Based on the record before the Court, the following facts are accepted as true for the purpose of resolving the motion.

**BACKGROUND**

        Between 1993 and 1995, Co-defendant Internal Revenue Service ("IRS") made several tax assessments against Enax. Seeking to collect the unpaid taxes and pursuant to its statutory authority, the IRS filed in the public record multiple Notices of Federal Tax Lien ("Notices"). Such Notices are effective as long as the limitations periods, typically ten (10) years from the date of assessment, for the collection of the underlying tax assessments have not expired. 26 I.R.C. § 6322; 26 I.R.C. § 6502(a)(1). Accordingly, Enax's Notices would have been expected to self release at various times between 2003 and 2005.

        The IRS attempted to extend the limitations periods by filing multiple revocations of its releases (Form 12474-A). Enax alleges that these revocations were unlawful, halted the sale of a piece of real property, and caused economic harm. He brings this action against the United States and the IRS, collectively "Defendants," seeking injunctive relief and monetary damages (Dkt. 1). The United States has motioned to dismiss this case, arguing that this Court lacks both

personal jurisdiction over the IRS (Fed. R. Civ. P. 12(b)(2)) and subject matter jurisdiction to grant the requested forms of relief (Fed. R. Civ. P. 12(b)(1)) (Dkt. 12).

## STANDARD OF REVIEW

A plaintiff's complaint should be dismissed where the court lacks jurisdiction over the subject matter or the person. Fed. R. Civ. P. 12(b)(1) and (2). Attacks on subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) may be either facial or factual. Facial attacks require the court to examine the complaint's face to determine whether it alleges a basis for subject matter jurisdiction. *See* First Union National Bank of Florida v. North Beach Professional Office Complex, Inc., 841 F.Supp 399, 402 (M.D. Fla. 1993) (quoting Lawrence v. Dunbar, 919 F.2d 1525, 1528-29 (11th Cir. 1990)). Factual attacks go beyond the complaint to challenge subject matter jurisdiction in fact, and a court may consider "'matters outside the pleadings, such as testimony and affidavits[.]'" *See* Bowman v. United States, 848 F.Supp 979, 982 (M.D. Fla 1994) (quoting Dunbar, 919 F.2d at 1528).

Unless Congress authorizes otherwise, sovereign immunity shields the federal government from legal actions. Hawaii v. Gordon, 373 U.S. 57, 58 (1963); United States v. Sherwood, 312 U.S. 584, 586 (1941). Accordingly, pursuant to Fed. R. Civ. P. 12(b)(2), the court sometimes has to dismiss the Government when it is improperly named as a defendant. Involuntary dismissals for lack of jurisdiction are not considered adjudications on the merits. *See* Fed. R. Civ. P. 41(b).

## DISCUSSION

*Personal Jurisdiction*

Because of sovereign immunity, federal executive department divisions may only be sued with Congress' express authorization. Blackmar v. Guerre, 342 U.S. 512, 514-15 (1952). *See also* Dugan v. Rank, 372 U.S. 609, 620 (1963) (citations omitted) (finding that a suit is considered to be against the sovereign where the judgment sought would expend on the public treasury or where its effect would restrain government action).

The IRS is part of the Treasury Department, and Congress has not consented to suits against it. Castleberry v. ATF, 530 F.2d 672, 673 n.3 (5th Cir. 1976) ("Congress has not constituted the Treasury Department or any of its divisions or bureaus as a body corporate and

2

has not authorized them to be sued eo nomine."). Accordingly, this Court finds that the IRS is an improper party in this case and dismisses it as a named defendant.

*Injunctive Relief*

Under the Tax Anti-Injunction Act ("Act"), the courts may not entertain suits where a taxpayer seeks to restrain federal tax assessments or collections, regardless of whether the tax was assessed against him. 26 I.R.C. § 7421(a). In Enochs v. Williams Packing & Navigations Co., 370 U.S. 1 (1962), the Supreme Court provided a narrow exception to the Act. The taxpayer must establish (1) that the government cannot clearly prevail on the merits and (2) that no other adequate legal remedies are available to avoid irreparable injury. Id. at 6-8.

Invoking Fed. R. Civ. P. 65, Enax requests a temporary restraining order against the IRS to remove the liens against his property.[1] The injunctive relief he seeks conflicts with the IRS' efforts to collect outstanding tax assessments. At first glance, the Act leaves this Court without subject matter jurisdiction to grant the request.

Enax is also unlikely to prevail under the Enochs exception. When a limitations period is in effect and the taxpayer files for bankruptcy, the limitations period is suspended for the entire pendency plus sixty (60) days thereafter. 26 I.R.C. § 6503(h). During pendency, the IRS is statutorily authorized to revoke a Notice's self-release date. 26 I.R.C. § 6325(f)(2).

Enax argues that the limitations period for collecting his unpaid taxes has expired, and, consequently, the IRS may be forced to release its lien. However, from November 1994 until June 2000, December 2001 until September 2002, September 2002 until September 2004, and January 2004 until November 2004, he was involved in bankruptcy petitions. Consequently, the Notices did not necessarily expire on the self-release dates, and the IRS' revocations were not illegal.

Furthermore, it appears that Enax has alternative legal remedies available to mitigate the financial injury he alleges to be suffering. The Internal Revenue Code permits the IRS to discharge property from a federal lien if the property is sold and the proceeds are held as a fund subject to federal liens and claims "in the same manner and with the same priority as [they] had

---

[1] *Cf.* Olender v. United States, No. 8:05-cv-2019-T-27MAP, 2006 WL 1559258 (M.D. Fla. April 20, 2006). To support his request for injunctive relief, Enax points out that, in Olender, this Court granted stay on the IRS' collection efforts against Valdy Olender (Dkt. 7). However, that grant for stay has since been vacated and the United States' Motion to Dismiss (Dkt. 21) has been granted (Dkt. 24). As further discussion will show, because both Enax and Olender have failed to exhaust their administrative remedies under 26 I.R.C. § 7433, this Court lacks subject matter jurisdiction in both cases.

with respect to the discharged property." 26 I.R.C. § 6325(b)(3).  On the evidence presented, Enax has not attempted to seek this relief.  Consequently, he has not exhausted his administrative remedies, and this Court denies his request for injunctive relief.

*Monetary Damages*

District courts generally analyze their jurisdiction from the time of complaint.  *See* Rutherford v. United States, 528 F.Supp. 167, 169 (W.D. Tex. 1981) (paying assessed tax's balance after suit had been filed does not support jurisdiction) *rev'd on other grounds*, 702 F.2d 580 (5th Cir. 1983); Church of Scientology of Colorado v. United States, 499 F.Supp 1085, 1088 (D. Colo. 1980) (full tax payment made 22 months after suit was filed suit failed to confer jurisdiction).  Unless the taxpayer has exhausted administrative remedies, the district courts lack jurisdiction to grant monetary relief under § 7433.  Venen v. United States, 38 F.3d 100, 103 (3d Cir. 1994); Conforte v. United States, 979 F.2d 1375, 1377 (9th Cir. 1993).  More specifically, before filing suit pursuant to § 7433, a taxpayer must first file an administrative claim with the IRS.  Treas. Reg. § 301.7433-1(d)(1).

As noted above, the evidence presented suggests that Enax has not done this.  Instead, he seeks monetary damages for alleged wrongful tax collection pursuant to 26 I.R.C. § 7433(a). Enax's faxed demand, dated September 15, 2003, that the IRS withdraw the Notices was not the last of his available administrative remedies.  At that point, Enax had an option under § 6325(b)(3), but he did not mail a request for administrative relief until May 1, 2006.  Because this suit (Dkt. 1), filed on November 18, 2005, predates that request, this Court lacks subject matter jurisdiction to grant the request for monetary damages.  Venen, 38 F.3d at 103.  The jurisdictional defect remains uncured.

CONCLUSION

For the foregoing reasons, this Court lacks personal jurisdiction over the IRS and subject matter jurisdiction to provide Enax with the injunctive relief and monetary damages he seeks. Accordingly, it is

**ORDERED** that the United States' Motion to Dismiss (Dkt. 12) be **GRANTED**.  The Clerk of Court is **DIRECTED** to close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 7th day of July, 2006.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

cc: All Parties and Counsel of Record