FILED

## IN THE UNITED STATES MIDDLE DISTRICT

## FOR THE MIDDLE DISTRICT OF FLORIDA

2006 AUG -1  PM 12: 46

CLERK U.S. DISTRICT COURT
TAMPA, FLORIDA

## TAMPA, FLORIDA

| | |
|---|---|
| **Ernest Enax** ) | |
| **Plaintiff,** ) | Case No: 8:05 cv2124-T-17TGW |
| Vs. ) | |
| ) | Motion for New Trial |
| **UNITED STATES OF** | |
| **AMERICA** ) | |
| **Defendant** ) | |

Pursuitant to Rule 59 FRCP, and Petitioner Ernest Enax hereby files his Motion for a New Trial from the order of this court dated July 7, 2006 based on the following reasons:

1. The issue before the court was whether the renewed tax lien was for a period of ten years or for a period of six years. This court rule that these renewed liens lasted six years and that the ten years noted on the lien was not true or illegal.

Therefore, this court agreed with Enax that the Form 124-724-A liens lasted only for the period of six years and not the ten-year period listed on the renewed liens. Therefore, the tax liens on file were defected or illegal.

2. Now at the local courthouse, the IRS has on record tax liens, which this court has ruled are defected or illegal. Therefore, they should be removed.

An unsuspected visitor to the courthouse or perspective purchaser would be mislead by these illegal liens. These incorrect liens harm Enax in many ways.

3. The United States Attorney in its Motion to Dismiss dated May 31, 2006, clearly stated that the renewal liens were valid only for six years which was the period of time that the statue of limitations was tolled, not the ten years listed on the new liens renewed under IRC 6325(f)(2). In other words the Government Attorney agrees with Enax that the renewed liens are incorrect and wrongful.

Since all the parties agree that the liens are defective, they should be removed.

4. The IRS had a duty to renew the liens prior to the automatic self-release date. However, the agents did not do so. Later under another statue, they sought to revoke the automatic expiration and reinstate the liens.

Then the IRS made the second error, which was using defected and illegal tax liens. Now, the US attorney asks this court to excuse the two mistakes of the IRS agents.

5. The IRS or for that matter any Government agency, will continue making mistakes unless the natural consequences of their actions take place. The administrators will not do their work right unless they are held accountable. If the courts allow mistakes to go uncorrected, then the Government employees and their supervisors have no incentive to do their job correctly in the first place, to make corrections and to be more attentive to their assigned duties.

6. The US Congress was aware of the bureaucrats not correcting their mistakes and the superiors covering up these mistakes rather than taking corrective action. Therefore the elective representatives of the people passed the Illegal Tax Collection Act IRC 7433 which allowed a private right of action for those harmed by wrongdoing of IRS agents.

Therefore, this court should carry out the will of the people by dismissing the tax liens, which it has already ruled illegal. By correcting an administrative agency, this court would require better work by the agencies, which would then benefit the entire Nation.

7. This case fits into the Enochs exception to the Anti-Injunction Act because Enax is not only likely to prevail but has already prevailed.

8. Because Enax is out of state he just received letter from DOJ on July 24, 2006 to answer the dismissal.

In conclusion, the tax service and the people of this great county would be served better if the courts made the bureaucrats correct their errors and give them incentives to be more careful when they take adverse action against a citizen.

**CERTIFICATE OF SERVICE:** I do hereby certify that on this date, I sent properly a copy of this pleading to opposing counsel.

Date: 07/27/2006

Ernest Enax, Plaintiff pro se
6319 12th St. North
St. Petersburg, FL 33702