# United States Court of Appeals
## For the Eleventh Circuit

| No. 06-14774 | FILED<br>U.S. COURT OF APPEALS<br>ELEVENTH CIRCUIT |
|---|---|
| District Court Docket No.<br>05-02124-CV-T-17-TGW | Mar 8, 2007<br><br>THOMAS K. KAHN<br>CLERK |

ERNEST ENAX,

      Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,
INTERNAL REVENUE SERVICE,

      Defendants-Appellees.

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia

------------------------------------------------------------
Appeal from the United States District Court
for the Middle District of Florida
------------------------------------------------------------

## JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

ISSUED AS MANDATE
MAY 0 3 2007
U.S. COURT OF APPEALS
ATLANTA, GA.

Entered:    March 8, 2007
For the Court:    Thomas K. Kahn, Clerk
By:    Jackson, Jarvis

CLERK US DISTRICT COURT
MIDDLE DISTRICT FLORIDA
TAMPA, FLORIDA
2007 MAY -7 AM 11: 43

FILED

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

| FILED |
| U.S. COURT OF APPEALS |
| ELEVENTH CIRCUIT |
| MARCH 8, 2007 |
| THOMAS K. KAHN |
| CLERK |

No. 06-14774
Non-Argument Calendar

D. C. Docket No. 05-02124-CV-T-17-TGW

ERNEST ENAX,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,
INTERNAL REVENUE SERVICE,

Defendants-Appellees.

Appeal from the United States District Court
for the Middle District of Florida

**(March 8, 2007)**

Before BIRCH, CARNES and KRAVITCH, Circuit Judges.

PER CURIAM:

Ernest Enax, proceeding pro se, appeals the district court's dismissal of his complaint against the United States and the Internal Revenue Service ("IRS"). For the reasons that follow, we affirm.

## I. Background

Between 1993 and 1995, the IRS made multiple tax assessments against Enax for non-payment of various taxes and penalties and, pursuant to its authority under 26 U.S.C. §§ 6621-6623, the IRS filed several Notices of Federal Tax Lien ("Lien Notices") against Enax's property. By law, such notices are effective for so long as the ten-year limitations period for collection of the underlying tax assessment has not expired. At the end of the limitations period, the liens self-release unless the IRS had revoked the self-release and re-filed the liens before the limitations period expired. 26 U.S.C. § 6325(f)(2). The Lien Notices made to Enax between 1993 and 1995 were set to self-release between 2003 and 2005.

On November 15, 1994, Enax filed for bankruptcy, and those proceedings were closed on September 13, 2000. Enax also was involved in bankruptcy proceedings between December 2001 and September 2002, between September 2002 and September 2004, and between January 2004 and November 2004. Under the Tax Code, the statute of limitations for tax collections is tolled during the pendency of bankruptcy actions and for an additional 60 days thereafter. 26 U.S.C.

2

§ 6503(h). As the original ten-year limitations periods for the Enax Lien Notices began to expire, the IRS allowed the notices to self-release, wherein the notices automatically operated as Certificates of Release. See 26 U.S.C. § 6325(a). In August 2005, because the bankruptcy proceedings had tolled the limitations period, the IRS filed multiple revocations of the Certificates of Release, thereby reinstating the liens.

On November 18, 2005, Enax filed a pro se complaint against the United States and the IRS seeking injunctive relief and monetary damages in connection with the IRS's revocations of the Certificates of Release. Specifically, the complaint alleged that the IRS had not re-filed the liens before the limitations period expired so that the Certificates of Release had been revoked in violation of the Tax Code. The Government filed a motion to dismiss on the grounds of, *inter alia*, sovereign immunity and lack of subject matter jurisdiction. The court granted the Government's motion, holding that (1) the IRS was entitled to sovereign immunity, (2) the court lacked subject matter jurisdiction over Enax's injunction request because the Tax Code's Anti-Injunction Act ("AIA"), 26 U.S.C. § 7421, prohibited such actions, and (3) the court lacked subject matter jurisdiction over Enax's damages claim because he failed to exhaust his administrative remedies. Enax filed a motion for a new trial, which the district court reviewed as a motion

3

for reconsideration.  The court denied the motion, and Enax filed this appeal.

## II. Discussion

On appeal, Enax reiterates his claim that the IRS illegally revoked the

Certificates of Release, and he contends that this court has authority to order the

IRS to re-issue the Certificates.  Liberally construing Enax's pro se brief, as we are

obliged to do, Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998),

we read Enax's argument as challenging the district court's jurisdictional ruling

regarding his request for injunctive relief.  But even liberally construing Enax's

arguments, we conclude that he does not challenge the dismissal of the IRS as a

party or the dismissal of his damages claim for failure to exhaust his administrative

remedies.  Nor does he challenge the denial of his motion for reconsideration.

Accordingly, he has abandoned these issues on appeal.  Solantic, LLC v. City of

Neptune Beach, 410 F.3d 1250, 1256 n.6 (11th Cir. 2005).

We review de novo a district court's dismissal of a complaint for lack of

subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

Federated Mut. Ins. Co. v. McKinnon Motors, LLC, 329 F.3d 805, 807 (11th Cir.

2003).

Subject to certain statutory exceptions, the AIA prohibits suits brought by

any person for the purpose of restraining the assessment or collection of any tax.

4

26 U.S.C. § 7421(a). "Once a proper assessment has been made, the taxpayer's recourse is to pay the tax and bring a suit for refund." Hempel v. United States, 14 F.3d 572, 573 n.3 (11th Cir. 1994). This provision is interpreted broadly and thus applies suits that do not directly concern the collection or assessment of a tax, but that might ultimately result in such assessment or collection. See Hobson v. Fischbeck, 758 F.2d 579, 580-81 (11th Cir. 1985) (holding that plaintiff's suit seeking to enjoin the IRS from investigating him for federal income tax evasion fell within the AIA). In the instant case, Enax challenges the IRS's revocation of the Certificates of Release for his liens as barred by the statute of limitations. Although he does not contest the underlying tax liability, his claim nonetheless concerns the collection of a tax. The AIA is therefore applicable so that unless Enax qualifies for a statutory or judicial exception to the AIA, we must affirm the district court's determination that the Act stripped it of the jurisdiction necessary to issue the requested relief.

Here, the only statutory exception Enax raises is 26 U.S.C. § 6331(i)(4)(b), which grants a district court overseeing a taxpayer's claim for recovery of a portion of taxes already paid the authority to enjoin a collection proceeding on the unpaid portion of those taxes until the taxpayer's recovery suit is resolved. But this exception is inapplicable to Enax's case as the record contains no evidence of a

recovery suit in any federal district court. Moreover, Enax does not mention any of the AIA's other statutory exceptions, and he cannot establish that any of those exceptions are applicable to his case.

The Supreme Court established a judicial exception to the AIA in Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962). The Williams Packing exception applies only if the taxpayer establishes that (1) "under no circumstances could the Government ultimately prevail" on the merits and (2) "equity jurisdiction otherwise exists" because there is no adequate remedy at law and irreparable injury will result. Id. at 7, 82 S.Ct. at 1129; Mathes v. United States, 901 F.2d 1031, 1033 (11th Cir. 1990). In analyzing the initial factor, a court must determine, "on the basis of the information available to [the Government] at the time of the suit," whether, "under the most liberal view of the law and the facts, the United States cannot establish its claim." Williams Packing, 370 U.S. at 7, 82 S.Ct. at 1129.

Enax has not established that there are no circumstances under which the Government ultimately could prevail in his case against it. The ten-year limitations period for re-filing the liens was tolled during Enax's involvement in bankruptcy proceedings, which spanned four periods from 1994 to 2004. Thus, it *appears* that the IRS's revocations of the Certificates of Release in August 2005

6

were not time-barred. And Enax presents no other legal or factual arguments to show that the Government cannot prevail. We therefore conclude that Enax's claim that the revocations were illegal is "sufficiently debatable to foreclose any notion that under no circumstances could the Government ultimately prevail." See Bob Jones University v. Simon, 416 U.S. 725, 749, 94 S.Ct. 2038, 2052 (1974). Moreover, as the district court observed, Enax has failed to establish that he lacks alternative legal remedies to mitigate his alleged financial injury. Nor has he established that his alleged injury is irreparable. We therefore conclude that the Williams Packing exception is inapplicable. Accordingly, we conclude that the district court did not err in holding that it lacked subject matter jurisdiction over Enax's claim for injunctive relief as the claim is barred by the AIA.

### III. Conclusion

For the foregoing reasons, we **AFFIRM.**

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By:_____
Deputy Clerk
Atlanta, Georgia

7

# United States Court of Appeals

Eleventh Circuit

56 Forsyth Street, N.W.

Atlanta, Georgia 30303

**Thomas K. Kahn**

Clerk

For rules and forms visit

www.ca11.uscourts.gov

May 03, 2007

Sheryl L. Loesch
Clerk, U.S. District Court
801 N FLORIDA AVE RM 220
TAMPA FL 33602-3849

**Appeal Number: 06-14774-EE**
Case Style: Ernest Enax v. USA
District Court Number:  05-02124 CV-T-17-TGW

The enclosed certified copy of the judgment and a copy of this court's opinion are hereby issued
as the mandate of this court.

Also enclosed are the following:
  Original record on appeal or review, consisting of: two volumes

The clerk of the court or agency shown above is requested to acknowledge receipt on
the copy of this letter enclosed to the clerk.

A copy of this letter, and the judgment form if noted above, but not a copy of the court's
decision, is also being mailed to counsel and pro se parties. A copy of the court's decision
was previously mailed to counsel and pro se parties on the date it was issued.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: James O. Delaney (404) 335-6113

Encl.

2007 MAY -7  AM 11: 43

CLERK US DISTRICT COURT
MIDDLE DISTRICT FLORIDA
TAMPA FLORIDA

**FILED**

MDT-1 (06/2006)